PETER W. RUST *vs.* WILLIAM H. LYNCH AND ABSA-LOM JACKSON.

*Application to have a Decree obtained Ex parte set aside on the ground of Surprise, in the failure of the Defendants' counsel to appear to the Case—Power of Courts in such cases, and how the Discretion vested in them is to be exercised.*

An interlocutory decree for non-appearance after summons, was obtained against the defendants, and the case was proceeded with *ex parte* to a final decree. More than three months after final decree, and after execution had been issued thereon, the defendants filed a petition for the vacation of the decree. There was no charge of fraud or irregularity in obtaining the decree, but the sole ground of the application, was surprise to the defendants in the failure or neglect of their solicitor to appear to the case, as he was authorized and had promised to do. On appeal from an order of the Court below vacating the decree, it was HELD :

1st. That in a proper case there is no question but that a defendant, would be relieved from a decree obtained by default, and where the merits had not been discussed, upon petition for the discharge of the enrolment, and the vacation of the decree.

2nd. But the discretion to be exercised upon such applications, must, be regulated by law and precedent, and not a mere desire to let in a defence upon the merits.

3rd. That the order appealed from should be reversed, and the cause remanded, to the end that the petition of the appellees might be dismissed.

Rust *vs.* Lynch and Jackson.

APPEAL from the Circuit Court for Cecil County, sitting in Equity.

This appeal is taken from an order of the Court below, (STUMP, J.,) setting aside a decree obtained *ex parte* by the appellant against the appellees. The case is stated in the opinion of the Court.

The cause was submitted on briefs to BARTOL, C. J., BOWIE, MILLER, ALVEY and IRVING, J.

*R. C. Thackery* and *H. McCullough,* for the appellant.

*Henry L. Physick,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

The original bill in this case was filed on the 12th of March, 1879, and the decree passed thereon, and which is sought to be vacated, bears date the 25th of September, 1879. The defendants, now appellees, were duly summoned to appear and answer the bill, and the return day of the subpœna was the 17th day of March, 1879. Consequently the defendants were in default and contempt for non-appearance, from and after the lapse of the March Term of Court, and were liable to be proceeded against in an *ex parte* form, as provided by the statute, Code, Art. 16, sec. 115; and, as it appears, they were so proceeded against, and they never appeared and offered to file an answer, as they were authorized to do by the statute, until more than three months after the final decree, and after execution thereon, when they filed their petition for the discharge of the enrolment, and for the vacation of the decree, so that they might be let in to make what they allege to be a meritorious defence.

There is no charge or pretence of fraud or irregularity in obtaining the decree; but the sole ground of the application, as set forth in their petition, is, surprise to the

defendants in the failure or neglect of their solicitor to appear to the case, as he was authorized and had promised to do. There is no allegation whatever that there was any act or declaration of the plaintiff or his solicitor that misled or deceived the defendants or their solicitor. The application of the defendants was heard in the Court below upon the sworn allegations of the petition and answer; and the most material allegations of the petition are flatly contradicted by those of the answer. The affidavit of the defendants' solicitor appears in the record, (though it does not appear how or by what authority it was introduced) in which he states that he *believes* he told one of the defendants at the time he was employed, which was before the defendants were summoned, that he would notify them when to come forward to attend to the suit; and that he afterwards forgot all about it. But it must be recollected that the defendants, after they were summoned, were charged with the knowledge that they were required to appear, in obedience to the process of the Court, and not merely to employ counsel; and further, they must be charged with knowledge that, by the law, they were required to answer the plaintiff's bill within a certain time, and that proceedings to final decree were authorized to be taken in default of appearance or answer. The defendants certainly knew that they had not answered the bill, and that they were liable to be proceeded against in default of answer, even if the appearance of their solicitor had been entered, as they allege they supposed it had been. If a decree could be vacated upon such ground as is here alleged by the defendants, there would be little or no stability in decrees obtained upon *ex parte* proceedings authorized by the statute; and instead of being a means of relief against the delay and neglect of defendants, the statute would furnish the ready mode of protracting the litigation beyond the time required to reach final hearing and decree in the ordinary course of proceeding.

The object of the statute under which the *ex parte* proceedings were taken, was, as declared in *Oliver vs. Palmer & Hamilton*, 11 *G. & J.*, 426, to provide a just and reasonably *expeditious* mode of obviating the delays and difficulties to which complainants were subjected by the neglect of defendants, and their disobedience to the mandates of the Court; and, as in that case held, no construction of the statute should be indulged that would either reward, or encourage, defendants in their contumacious neglect of the process of the Court when duly served upon them. Decrees are not lightly to be disturbed or vacated, after enrolment, though entered upon default of the defendants; and it is only when there are strong and special circumstances shown, and the conduct of the party applying is entirely free from well grounded imputation of *laches* or *mala fides*, that his application will be entertained, and the discretion of the Court exercised in his favor. If it were otherwise, the certainty and stability of decrees would be destroyed, and parties would never know when they were at the end of litigation. This principle has been asserted and adhered to on various occasions by this Court.

In the case of *Burch vs. Scott*, 1 *G. & J.*, 393, which is a leading case upon the subject, and where the circumstances for the exercise of the discretion by the Court were much stronger than those shown in this case, the principle was applied and the application refused. There the defendant, after he was in contempt of the process of the Court, but before he could have been finally fixed with a decree by default, had made and sworn to his answer, and which was ready to be filed; but having entrusted it to his solicitor in the District of Columbia, where it was prepared, it was sent to be filed, but never reached the office of the register in Annapolis. The defendant was under the belief that his answer had been filed, and his solicitor seemed to have been under the same impression; but

because they were not active in seeing that the answer had reached its destination, and was in fact filed, the decree entered by default against the defendant, and which had become enrolled, was, upon the application of the defendant to strike out the enrolment and to vacate the decree, adjudged to stand. The authority of that case was fully recognized in the case of *Oliver vs. Palmer & Hamilton,* 11 *G. & J.,* 137, and also in the case of *Herbert vs. Rowles,* 30 *Md.,* 271; and it has never been questioned by any decision of this Court. It would seem to be decisive of this case.

As analogous, and proceeding upon the same reason and principle of policy for the preservation of the certainty and stability of judgments, we may refer to cases decided by this Court upon applications to strike out judgments by default at law after the lapse of the Term. By those cases it is well settled that, where the process has been regularly served upon the defendant, and he fails to appear and make his defence, and judgment is regularly entered against him, a strong case must be presented to justify the Court in striking out the judgment after the lapse of the Term; and the Court will not, in any such case, interfere with the judgment unless the facts produced clearly establish "fraud, deceit, surprise or irregularity *in obtaining the same,*" and that the defendant has acted *bona fide* and with reasonable diligence in making the application. *Anderson vs. Graff,* 41 *Md.,* 601; *Sarlouis vs. Firemen's Ins. Co.,* 45 *Md.,* 241; *Abell vs. Simon,* 49 *Md.,* 318. See also case of *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 130, and the recent case of *Smith vs. Black,* 51 *Md.,* 247.

In a proper case, there is no question but that a defendant would be relieved from a decree obtained by default, and, where the merits had not been discussed, upon petition for the discharge of the enrolment and the vacation of the decree. All the Maryland cases concede

this as an established practice. But the discretion to be exercised upon such applications must be regulated by law and precedent, and not a mere desire to let in a defence upon the merits. None of the cases relied on by the defendants have any similarity to this, and we are not aware of any case that fully supports the application. We must, therefore, reverse the order appealed from and remand the cause, to the end that the petition of the appellees be dismissed.

> *Order reversed, and*
> *cause remanded.*

(Decided 21st October, 1880.)