## Charles R. Belt vs. Edward Bowie, and Violetta L. Bowie, and others.

*Equity Pleadings and Practice—Equity Rules numbers 17 and 33—Article 16, section 117 of the Code—Multifariousness—General demurrer to Bill—Election—Statute of Limitations.*

Under the seventeenth Equity Rule as prescribed by the Judges of this Court, a defendant may by special leave of the Court at any time after the bill is taken *pro confesso*, and before final decree, either answer, plead or demur to the bill; but to entitle him to do so, he should assign some satisfactory reason in his application for leave, why the delay, and failure to appear and answer have occurred, and the facts should be verified by his oath.

But the sufficiency of the reasons assigned are not reviewable by this Court, nor are the terms upon which the party may be allowed to answer, plead or demur. These are matters of practice properly within the sound discretion of the Court or Judge to whom the application is made. That discretion, however, should always be exercised so as to prevent delay and to promote justice.

The seventeenth Equity Rule does not, in any manner, repeal or change the requirements of section 117, of Article 16 of the Code; it only extends the provisions of that section to the right to plead or demur, as well as to answer under oath.

A bill filed in the year 1884, sought by appropriate allegations to obtain a decree for a sale of the real estate mentioned, of which W. J. B. died seized and possessed, for purposes of partition among the parties entitled, under section 99, of Article 16 of the Code, and also sought the enforcement and foreclosure of a certain mortgage of the same real estate, held by the complainants as assignees of the mortgagee, the said mortgage having been made by W. J. B., the intestate, on the 18th of April, 1856, payable five years after its date. On general demurrer to the bill, and a plea of the Statute of Limitations, both filed by leave of the Court after a decree *pro confesso* had been passed against the defendant, it was Held :

1st. That the bill was multifarious; and the demurrer should have been sustained, and the complainants put to their election as to

Belt *vs.* Bowie, *et al.*

which subject-matter for relief they would proceed, and the bill, as to the matter misjoined, should have been dismissed under Equity Rule 33.

2nd. That the plea of the Statute of Limitations was not precluded by the passage of the order taking the bill as confessed.

3rd. That the leave to plead or answer to the bill, entitled the defendant to avail himself of any defence to which the case made by the bill was subject; and the defence of the Statute of Limitations was equally open to the defendant as that of any other defence which he could set up by plea or answer.

4th. That the Statute could be availed of as a defence by demurrer to the bill, where, as in this case, there were no facts or circumstances alleged to relieve the mortgage claim from the operation of the Statute; and such being the case, the defence of Limitations properly arose under the general demurrer to the bill.

APPEAL from the Circuit Court for Calvert County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, and BRYAN, J.

*Daniel R. Magruder,* for the appellant.

*James M. Munroe,* and *Joseph S. Wilson,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The bill in this case seeks to obtain relief in respect to two separate and entirely distinct subjects-matter, and which would require different proceedings and different decrees to gratify the prayer. In the first place it seeks, by appropriate allegations, to obtain a decree for a sale of the real estate mentioned, of which William J. Belt died seized and possessed, for purposes of partition among the

parties entitled, under section 99, of the 16th Article of the Code ; and, in the second place, it seeks the enforcement and foreclosure of a certain mortgage of the same real estate, held by the complainants as assignees of William B. Bowie, the mortgagee; the said mortgage having been made by William J. Belt, the intestate, on the 18th of April, 1856, payable five years after its date. The bill was filed on the 2nd of April, 1884, and prays for a decree for sale of the real estate mentioned, and that the proceeds of sale be distributed among the parties entitled, in proportion to their respective interests therein, after deducting from such proceeds of sale a sufficient sum to pay the alleged mortgage debt.

After process served upon the resident, and publication made against the non-resident, defendants, an order, taking the bill *pro confesso,* was passed by the Court, on the 25th of August, 1884, against Charles R. Belt and Benjamin L. Belt, two of the defendants, in default of appearance and answer ; the other defendants having appeared and answered. It seems that there was testimony taken and filed in the cause, but it has been omitted from the record, and consequently this Court is confined to a review simply of the legal questions presented on the face of the proceedings, irrespective of the evidence.

Under the 17th Equity Rule, as prescribed by the Judges of this Court, a defendant may, by special leave of the Court, at any time after the bill is taken *pro confesso,* and before final decree, either answer, plead or demur to the bill; but to entitle him to do so, he should, according to long established practice, assign some satisfactory reason in his application for leave, why the delay, and failure to appear and answer, have occurred, and the facts should be verified by his oath. But the sufficiency of the reasons assigned are not reviewable by this Court, nor are the terms upon which the party may be allowed to answer, plead or demur. These are matters of practice properly

within the sound discretion of the Court or Judge to whom the application is made. That discretion, however, should always be exercised so as to prevent delay and to promote justice. By the adoption of the 17th Equity Rule, it was not designed in any manner to repeal or change the requirements of section 117, of Article 16 of the Code, but only to extend the provisions of that section to the right to plead or demur, as well as to answer under oath.

In this case, after the passage of the order *pro confesso,* and the taking and returning of testimony, the appellant made application, by petition, for leave to demur to the bill, upon the ground of multifariousness; and, upon that application, an order was passed giving the leave as prayed. A general demurrer was accordingly filed to the bill, with an affidavit that it was not interposed for delay. Upon hearing, this demurrer was overruled. The appellant then, by petition, asked leave to plead to or to answer the bill; and, by an order of the 12th of March, 1885, leave was given to answer or plead to the bill; the order requiring that such answer or plea should be filed forthwith. The appellant accordingly answered, and by his answer he denied the right of sale of the real estate, for purposes of partition, and averred that the same was susceptible of division without loss or injury to the parties entitled; and he claimed that a commission should issue to make partition; and he also set up and claimed his right of election under the Statute of Descents. And as to that portion of the bill that sets up and seeks to enforce the mortgage assigned to the complainants, the appellant pleaded and relied upon the Statute of Limitations. This answer and plea were duly sworn to by the appellant; and leave was afterwards given him to take proof in support of the defences thus set up by him to the case presented by the bill. But the complainants, before proof taken under the leave given the appellant, excepted to the answer of the appellant, 1st, because an order tak-

ing the bill *pro confesso* having been obtained, the appellant could not rely upon the Statute of Limitations as against the enforcement of the mortgage; and, 2nd, because, as it would be necessary to sell the real estate mentioned to satisfy the mortgage debt, therefore the objection that the real estate was susceptible of partition without loss or injury to the parties interested, was without force or effect.

These exceptions were regularly heard, and, on the 12th of June, 1885, an order was passed sustaining them; and thereupon immediately, without further leave or order, the Court proceeded to pass the final decree from which this appeal is taken. The decree directs the sale of the real estate by a trustee, but without declaring whether the sale was decreed for purposes of partition, or for the purpose of paying the mortgage debt.

We think it clear that the Court was in error, both in overruling the demurrer to the bill, and in sustaining the exceptions to the answer; and therefore the decree appealed from was erroneously passed.

That the bill is multifarious, in the legal sense of the term, would seem to admit of no doubt. It combines two separate and distinct subjects-matter in respect to which relief is prayed, that is, partition, and the enforcement of the mortgage claim against the estate. It thus involves the inconvenience of mixing up distinct matters, which require very different proceedings or decrees by the Court, and which might and would embarrass the defendant in making his proper defences against each of such matters and grounds of relief. This the established principles of equity pleading forbid. The demurrer therefore should have been sustained, and the complainants put to their election as to which subject-matter for relief they would proceed, and the bill, as to the matter misjoined, have been dismissed, under Equity Rule 33. And as to the defence of the Statute of Limitations interposed to the

mortgage sought to be enforced, we know of no rule in equity pleading by which the plea is precluded by the passage of an order taking the bill as confessed. The leave to plead or answer to the bill entitled the defendant to avail himself of any defence to which the case made by the bill was subject; and the defence of the Statute of Limitations was equally open to the defendant as that of any other defence which he could set up by plea or answer. Indeed, the Statute of Limitations may be availed of as a defence by demurrer to the bill, where, as in this case, there are no facts or circumstances alleged to relieve the mortgage claim from the operation of the Statute; and such being the case, the defence of Limitations properly arose under the general demurrer to the bill interposed by the appellant. *Sto. Eq. Pl.*, sec. 503; *Maxwell vs. Kennedy*, 8 *How.*, 210, 222; *National Bank vs. Carpenter*, 101 *U. S.*, 567; *Landsdale vs. Smith*, 106 *U. S.*, 391. The rule at law is different. There the Statute as a bar must always be specially pleaded, and the plea will only be received under restrictions imposed by positive rules of Court. But not so in a Court of equity, where delay and unexplained lapse of time in the assertion of claim is specially discouraged. There is therefore no principle or rule of equity practice that justified the Court below in sustaining the exception to the answer, and proceeding at once to final decree, without regard to the defences set up by the answer of the appellant.

We must therefore reverse the decree appealed from and remand the cause, that proceedings may be taken to relieve the bill of its multifariousness, and that the complainants may proceed upon the bill in respect of the subject-matter retained, as provided by Equity Rule 33.

.                    *Decree reversed, and*

*cause remanded.*

(Decided 28th May, 1886.)