DAVID H. FLACK, and others *vs.* FRANK GOSNELL, Trustee of JAMES W. FLACK.

*Liability of Tenant in Common to his Co-tenant for Share of Rents Collected—Lien—Statute IV Anne, ch. 16, sec. 27—Bill for Partition—Demurrer.*

A tenant in common has no lien against his co-tenant's interest in land for rents in excess of his share collected and retained by the latter before partition of the land.

The claim of a tenant in common for his share of the rents received by his co-tenant is recoverable at law, and suit can be instituted therefor at any time.

The statute of IV Anne, chap. 16, is in force in this State, and its twenty-seventh section makes express provision for such a case; but it gives no lien on the undivided interest in the land of the tenant collecting the rents.

The fact that one tenant in common assumes the right or duty of collecting the rents, without being made a bailiff by express authority, does not change the nature of his co-tenant's claim against him, or subject him to any other or greater liability for the rents so collected by him than if he had been duly and fully authorized to collect them.

So much of a bill for the partition of land, as seeks to subject the undivided interest of one of the joint-owners, or its proceeds after sale thereof, to the payment of any rents collected and retained by him in excess of his share thereof, is demurrable.

APPEAL from the Circuit Court, No. 2, of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*William E. Hoffman,* for the appellants.

*Frank Gosnell,* (with whom was *Thomas M. Lanahan,* on the brief,) for the appellee.

IRVING, J., delivered the opinion of the Court.

The facts of this case are as follows: Thomas J. Flack died in 1874 seized and possessed of the reversions in fee of several lots of ground in the City of Baltimore, out of which rents issued amounting, in the aggregate, to three hundred dollars and fifty cents annually. His heirs-at-law consisted of two sons, a daughter, and some grandchildren, the children of a deceased child. One of his sons, James W. Flack, becoming involved, made an assignment for the benefit of his creditors, to Frank Gosnell (the appellee,) of all his estate, which included his undivided interest in his father's estate.

The bill is for partition of this real estate among the heirs-at-law of the intestate; and, among other things, charges that James W. Flack had collected all the rents from this real estate, and had not accounted for them to his co-tenants; and, among other things, prays that in such partition, they may "have the interest and estate of said James W. Flack in said parcels of ground and premises, as well against him as also said Frank Gosnell, (trustee under said deed of trust,) held and made liable for and applied toward the satisfaction of the rents collected, received and appropriated as aforesaid." In other words, the bill prays that James W. Flack's interest in the undivided real estate shall be impounded for the payment to the several heirs of their interests in the rents of the estate collected by him.

To so much of the bill as seeks thus to subject the undivided interest of James W. Flack in this property, or its proceeds after sale thereof, to the payment of any rents collected and retained by James W. Flack in excess of his share thereof, the appellee demurred.

Flack, *et al. vs.* Gosnell, Trustee.

The Court sustained the demurrer, and the only question on this appeal is whether the ruling of the Circuit Court was right.

As curtly stated by the appellee in his brief, the question is, has one tenant in common a *lien* against his cotenant's interest in the property for rents in excess of his share collected and retained by such co-tenant before partition of the land?

The counsel for appellants .has exhibited most commendable industry and research in the collection of authorities supposed to sustain his contention. Some of his citations from other States do seem to sustain his view, but they do not commend themselves to us as resting on solid ground of reason and equity. They are certainly not in harmony with the law as it prevails in England, and as it has been understood and adopted in this State. The several text-books cited by the appellant, viz., *Freeman on Co-tenancy, Moak's Underhill on Torts,* and *Story's Equity,* according to our understanding of them, do not support the view for which the appellants' counsel contends; while Mr. *Jones,* in his work *on Liens, vol.* 2, *page* 96, *sec.* 1155, says expressly, that such lien as that claimed by the bill and in argument, does not exist. The only reason he says, for enforcing it for improvements put on the land rests on the doctrine of contribution, and arises from the necessity of preserving the estate or enhancing its value for the benefit of the joint-owners. Judge STORY says that, strictly speaking, no *lien* exists even for repairs and improvements, but equity compels compensation in that case before partition of the land.

Mr. Jones, in the section cited, says: "There is no reason why there should be a charge or incumbrance upon the interest of one joint-owner to satisfy a claim of his co-tenant for rents and profits received. The right to partition exists, and may be enforced, and, pending

the action therefor, the Chancellor may amply protect the rights of each joint-owner by placing the land in the hands of a receiver. But it is not the policy of the law to enforce *liens* upon the interest of one joint-owner of land in favor of another for unadjusted, and, to innocent purchasers and creditors, often unknown accounts for rents and profits.'' Similar reasons are most forcibly assigned by Judge LEWIS, in *Burch vs. Burch,* 82 *Kentucky,* 622, the reasoning and conclusion in which are adopted in *Clark vs. Hershy,* 52 *Ark.,* 492. The interest of James W. Flack in this real estate of his father was, like that in any other real estate he owned, liable to be sold or mortgaged, and would be subject to the *lien* of any judgment obtained against him. The fact that it was an undivided interest would make no difference in its liability in these respects. No good reason has been suggested why such an interest should be subjected to secret liens, which the general policy of the State discountenances, with any more readiness by a Court of equity than any other real estate. The claims of the several cotenants for their share of the rents received by James W. Flack, were recoverable by law, and suit could have been instituted therefor at any time. The Act of IV Anne, chap. 16, is in full force in this State; and its twenty-seventh section makes express provision for such a case; but it gives no *lien* on the undivided interest in the land of the tenant collecting the rents. The fact that James W. Flack assumed the right or duty of collecting the rents during all those years, in which it is charged he received them without being made a bailiff by express authority, does not change the nature of appellants' claim, nor subject James W. Flack to any other or greater liability for the rents so collected by him than if he had been duly and fully authorized to do all that he did do.

We think the case entirely covered by what this Court said in *Devries, Trustee vs. Hiss, et al.,* 72 *Md.,* 560; and

we see no reason for departing from what the Court said in that case.

In it the Court did lay hands on the share of P. Hanson Hiss in the estate for the payment of the rents and profits he had collected, but they did so because the estate which he took under his father's will was an equitable estate, and not a legal one. The whole question turned upon the inquiry whether his estate was equitable or legal; and the Court decided it was an equitable estate, and therefore could be subjected in a Court of equity to the payment to the several co-tenants, of their shares of what he had received. The language of the Court is: "The equitable interest could be intercepted to make good the defalcation. Mr. Devries took a conveyance from P. Hanson Hiss of his interest subject to this equity, and he cannot claim more than his grantor would have been entitled to receive." If the estate which passed to Gosnell, trustee, had been an equitable estate, it would be subjected, as has been asked by the complainants, precisely as Devries' interest was to the payment of his grantor's defalcation to his co-tenants; but, being a legal estate it can not be impounded, as asked, without disregarding our decision in *Devries' Case,* and the reasoning which brought us to that conclusion; nor without doing violence to the policy of the State in respect to liens on real estate. The Circuit Court was clearly right in its ruling on the demurrer, and it will be affirmed.

*Affirmed and remanded.*