# LIDA E. BAILEY et al. *vs.* JACOB A. JONES et al.

*Decree Pro Confesso Irregularly Entered—Appeal From Final Decree —Priority of Deeds of Same Land—Cloud on Title.*

The defendants in an equity suit were duly summoned and appeared by solicitor. No plea or answer having been filed to the bill, a decree *pro confesso* was entered against them fifteen days after such appearance. Equity Rules, 11 and 12 (Code, Art. 16, secs. 139 and 140), provide that a defendant shall have twenty days after appearance within which to answer, and in default of answer within the time limited, the bill may be taken *pro confesso.* More than two months after entry of said decree

*pro confesso,* testimony was taken by the plaintiff after notice to the defendant, which remained in Court the required length of time before the final decree was made. This gave to the plaintiff the relief asked for, and from it this appeal was taken. Code, Art. 16, sec. 143, provides that a defendant against whom a decree *pro confesso* has been passed may appear at any time before final decree and make answer, and such proceedings shall be had as might have been had in case the answer had been filed before the decree *pro confesso. Held,* that under these circumstances, the final decree should not be reversed merely on account of the irregularity in the entry of the decree *pro confesso* before the expiration of the twenty days, there being no allegation that the decree was obtained by fraud or surprise or that the defendants had been thereby injured.

Upon appeal from a final decree passed after a decree *pro confesso,* all prior orders in the case, including the validity of the decree *pro confesso,* are open to review.

When a deed conveying land is executed upon the condition that it shall not take effect until the purchase money is paid, but it was not paid and the deed was placed on record, after the recording of another deed of the same land to another grantee, who was a *bona fide* purchaser for value, executed after the first deed, then the second deed is entitled to priority, and the grantee therein is entitled to maintain a bill to vacate the first deed as constituting a cloud upon his title.

*Decided February 26th, 1908.*

Appeal from the Circuit Court for Wicomico County (HOLLAND, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Joseph L. Bailey,* for the appellants.

*S. R. Douglass* and *A. M. Jackson,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed by the appellees against the appellants in the Circuit Court for Wicomico County, in equity, to annul and vacate a deed conveying certain real estate, situate in Wicomico County, by one Goldsborough R. Bailey to the appellant, Lida E. Bailey, alleging it to be a cloud upon the appellees' title to the property in question.

The original bill was filed on the 2nd of April, 1906, and the defendants were duly summoned to appear and answer the bill. On May 23rd, 1906, Mr. Joseph L. Bailey, a member of the Wicomico County bar appeared for the defendants. Subsequently, on January 2nd, 1907, by leave of Court, an amended bill of complaint was filed, and the defendants were duly summoned thereto.

According to the docket entries, the following proceedings appear to have been had in the Court below:

March 18th, 1907, Order of J. L. Bailey for appearance for defendant filed.

April 2nd, 1907, Petition and decree *pro confesso* filed and order referring to the examiner filed.

June 6th, 1907, Interrogatories and testimony filed.

June 22nd, 1907, Final decree of Court setting aside deed filed.

August 21st, 1907, Order and affidavit for appeal.

August 22nd, 1907, Appeal bond approved and Petition to stay decree filed.

November 14th, 1907, Order to transmit record to Court of Appeals filed by defendants.

It will be thus seen, that while the defendants were duly summoned to appear to both the original and amended bills, and did in fact appear by attorney to each of them, they failed to plead or answer the bill, or to make any defense whatever to the jurisdiction of the Court to grant the relief prayed for, or to contest the right of the plaintiffs to the relief sought by the bill upon the merits of the case. On the contrary, no steps appear to have been taken by the defendants, after their appearance on March 18th, 1907, until August 21st, 1907, when they ordered an appeal to this Court from the final decree dated the 22nd of June, 1907, adjudicating the rights of the parties to the suit.

The objection that the decree *pro confesso* was passed before the expiration of the twenty days from the time of appearance entered, allowed by the rules of Court within which to answer, cannot avail the defendants in this case.

The decree *pro confesso* is dated April 2nd, 1907, and there were no proceedings under this decree until June 6th, 1907, when the testimony was taken upon notice to the defendants and filed in Court. The evidence remained in Court from June 6th to June 22nd, subject to exception, before the final decree was passed by the Court below. The granting of the decree *pro confesso* one week prior to the time allowed by these rules did not prevent the defendants from coming in and asserting their defense.

Under 143 sec. of Art. 16 of the Code, it is provided that any defendant against whom an order to take a bill as to any matter or thing *pro confesso* may be passed, may appear at any time before final decree and file his answer, or oath to the bill   *   *   *   and on such answer being filed, such proceedings shall be had as would or might have been had in case such answer had been filed before the passage of such decree. *Belt* v. *Bowie*, 65 Md. 350; *Wagner* v. *Shank*, 59 Md. 313.

In this case the defendants, having appeared by counsel, must be charged with knowledge that by the law they were required to answer the plaintiff's bill and that they would proceed to final decree, upon default of answer. These defendants, had actual notice of the decree *pro confesso* on June 3rd, from the examiner before taking the testimony, two months after passing of the decree, and they failed to appear or to make any defense whatever to the procedure thereunder.

In *Rust* v. *Lynch and Jackson*, 54 Md. 639, it is said: "Decrees are not lightly to be disturbed or vacated, after enrollment, though entered upon default of the defendants; and it is only when there are strong and special circumstances shown and the conduct of the party applying is entirely free from well grounded imputation of *laches* or *mala fides*, that his application will be entertained and the discretion of the Court exercised in his favor. If it were otherwise, the certainty and stability of decrees would be destroyed and parties would never know when they were at the end of litigation. *Oliver* v. *Palmer*, 11 G. & J. 426; *Burch* v. *Scott*, 1 G. & J. 393."

In the case at bar, the final decree was passed on June

22nd, 1907, and an appeal to this Court directed on the 22nd of August, 1907. On August 22nd, the defendants filed a petition to stay the decree pending an appeal, but no action of the Court appears to have been taken thereon.

There was no petition for the discharge of the enrollment and for the vacation of the decree upon the ground of fraud, surprise, &c., so as the defendants could make a defense on the merits in the Court below, but the sole ground·of the contention is, that the defendants should be relieved on appeal from the decree passed on the 22nd of June, 1907, because of an alleged irregularity in the passing of the decree *pro confesso.* It is not claimed that the defendants sustained any substantial injury by reason of this irregularity, and it would therefore be an unjustifiable interference with a decree of Court to reverse and vacate it on such ground. In fact, it is not alleged that the defendants have even a defense at all, upon the merits, or that they have been injured by the proceedings in the Court below. In *Rust* v. *Lynch,* 54 Md. 638, it is said: If a decree could be vacated upon such ground as is here alleged by the defendants, there would be little or no stability in decrees obtained upon *ex parte* proceedings authorized by the statute; and instead of being a means of ıelief against the delay and neglect of defendants, the statute would furnish the ready mode of protracting the litigation beyond the time required to reach final hearing and decree in the ordinary course of proceeding. ·

The appeal in this case being from the final decree passed herein, and no objection appearing from the record to have been made in the Court below to the competency of the witnesses, or to the admissibility of the evidence or to the sufficiency of the averments of the bill or to the jurisdiction of the court to pass the decree, there is practically no question open for review on this appeal except the decree itself.

We have however examined the proceedings in the case and the testimony taken therein, and find the evidence sufficient to sustain the allegations of the bill and to support the final decree granted herein.

The deed from Goldsborough R. Bailey to Lida E. Bailey, bearing date the 23rd day of January, 1906, conveying the property in question, and recorded on the 17th of March, 1906, among the Land Records of Wicomico County, was without legal consideration. No consideration was paid by the grantee to the grantor, and the deed was executed, with an understanding that it shonld be delivered upon the payment of the purchase money and not before. The property was sold to the appellees on the 15th day of March, 1906, by deed of this date, duly executed by the grantors for a valuable consideration and was duly recorded on the 17th of March, 1906 prior in time to the alleged deed to Lida E. Bailey.

As to the motion to dismiss the appeal, we need only say that notwithstanding the appellants were in default as herein indicated and the procedure was had without contest in the Court below, the defendants are clearly entitled to the right of appeal under our statute from the action of the Court in passing the final decree. By the 28th section of Art. 5 of the Code of Public General Laws it is provided on an appeal from a final decree or order, all previous orders which may have been passed, in the cause shall be open for revision in the Court of Appeals, &c., &c. Art. 5, secs. 26 and 27, Code of Public General Laws.

Finding no error in the decree appealed against, it will be affirmed.

*Decree affirmed, with costs.*