SIDNEY T. NIMMO AND CARRIE B. NIMMO

*vs.*

CARROLL BATES BLICK.

*Husband and wife*: *creditors' rights.*

Under section 1 of Article 45 of the Code, creditors of a husband can not successfully assert their claims against property acquired by the wife from the husband, unless such claims be made within three years from the time of the acquisition of the property.                                              p. 328

*Decided April 6th, 1916.*

Appeal from the Circuit Court for Baltimore County. In Equity.   (DUNCAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Louis Hollander,* for the appellants.

*Wm. Edgar Byrd,* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Baltimore County overruling a demurrer to the entire bill of complaint. It appears from the record that by deed dated January 3, 1898, Thomas W. Jenkins and wife granted and conveyed unto Carrie B. Nimmo, wife of Sidney T. Nimmo, a lot of ground situated in Towson, Baltimore County, Maryland, in consideration of the sum of three thousand dollars. The record further shows that by deed dated December 30, 1899, David G. McIntosh and wife granted and conveyed to said Carrie B. Nimmo another lot adjoining the one above referred to, in consideration of the sum of two hundred and ten dollars. Both deeds were duly recorded among the Land Records of Baltimore County.

The bill in this case was filed on May 11, 1908—about ten and eight years respectively after the execution and recording of the deeds. It alleged that the plaintiff is a creditor of Sidney T. Nimmo, the husband of the grantee in the said deeds, and "that the said Sidney T. Nimmo while in debt to your orator and numerous other creditors, and with money rightly belonging to them, purchased two lots of ground hereinbefore referred to, and to defraud them of their rights had the deeds conveying the title of said two lots of ground drawn and delivered to his wife, the said Carrie B. Nimmo; that said Sidney T. Nimmo, to defraud and delay your orator and his other creditors in the collection of their just claims has vacated said property and is now endeavoring to sell the same at a ruinously low price in order to convert the same into cash, which if he be permitted to do will work irreparable loss and injury unto your orator and his other creditors; that your orator is advised that inasmuch as the said Sidney T. Nimmo purchased said property when he was largely in debt unto your orator and the other creditors, with money in fact belonging to them that this Court will, although the title thereto stands in the name of Carrie B. Nimmo wife of the said Sidney T. Nimmo, by virtue of the deeds hereinabove mentioned, decree that the same is liable

for debts of said Sidney T. Nimmo in the same manner and to the same extent as if the deeds had been made to him direct."

The prayers of the bill are: *First,* for an injunction restraining the defendants from selling, mortgaging, encumbering, or disposing of the property pending the determination of the suit; *secondly,* that the lots conveyed be declared to be the property of Sidney T. Nimmo and liable for his indebtedness to the plaintiff and his other creditors; and *thirdly,* for other and further relief.

It was contended at the hearing that the bill was demurrable for several reasons. But, in the view we take of the case only one of these reasons need be considered. Under section 1, Article 45 of the Code, as construed by this Court, the plaintiff can not maintain this suit, and the demurrer should have been sustained and the bill dismissed. That section provides: "That no acquisition of property passing to the wife from the husband after coverture shall be valid if the same has been made or granted to her in prejudice of the rights of his subsisting creditors, who, however, must assert their claims within three years after the acquisition of the property by the wife, or be absolutely barred, and, for the purpose of asserting their rights under this section, claims of creditors of the husband not yet due and matured shall be considered as due and matured."

The bill shows that an acquisition of property passing from the husband to the wife within the meaning of this section of the Code, and it also shows that the plaintiff did not assert his claims within three years after the acquisition of the property by the wife, and no reasonable explanation is given for the long delay.

In *Stieff Co.* v. *Ullrich,* 110 Md. 629, in which a bill of complaint was filed by a creditor to set aside a deed made by a third party to husband and wife as tenants by the entireties, the Court held that under such a conveyance the title to the entire property vested in the wife, subject to be divested, in the event of her prior death, in favor of her hus-

band, and then said when the deed was recorded the wife
"became seized of the entire estate, and if the conveyance to
her was for the purpose of defrauding the appellant, as
charged, or any other creditors of the husband, it should
have been attacked within three years from the date of its
recordation."

The plaintiff had a right to have attacked the deeds as
soon as they were recorded. But he allowed many years to
elapse before he took action. Mrs. Nimmo is now dead, and
under the circumstances the conduct of the plaintiff is so
lacking in diligence as to justify a Court of Equity in refus-
ing its aid in the enforcement of the claim.

The *Stieff case, supra,* we regard as a controlling author-
ity upon the question now before us, and applying the prin-
ciple therein announced, we hold that the plaintiff in this
case is barred of his right of action and that the order
appealed from must be reversed.

> *Order reversed and bill dismissed, the costs to
> be paid by the appellee.*