UNITED STATES FIDELITY & GUARANTY COM-
PANY *v.* SARAH V. SHOUL.

[No. 13, October Term, 1931.]

*Decided December 29th, 1931.*

426

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, and SLOAN, JJ.

*C. Damer McKenrick,* with whom were *Bartlett, Poe & Claggett* on the brief, for the appellant.

*Ernest Volkart,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appellant, the United States Fidelity & Guaranty Company on July 15th, 1930, filed in the Circuit Court of Baltimore City its bill of complaint, alleging therein that it was a creditor of James Doyle, one of the appellees; and that, while he was so indebted to it, Doyle and wife, in fraud of his creditors, executed unto one Elizabeth Miller a deed conveying unto her, without consideration, certain real estate located in the City of Baltimore; and that simultaneously therewith Elizabeth Miller conveyed said real estate to Sarah V. Doyle, wife of James Doyle.

The facts alleged in the bill are substantially as follows: On September 25th, 1920, the appellant, as surety, executed what is known as a tax abatement bond, in the penalty of $5,500, which bond guaranteed payment to the United States of America of certain taxes alleged to be due the government by Doyle. At the time of the execution of the bond, Doyle executed an instrument of indemnity, agreeing to save the appellant company harmless against all loss by reason of the execution of said bond. At this time Doyle was the owner, in fee simple, of certain real property located in the City of Baltimore. On September 22nd, 1921, Doyle, without consideration therefor, conveyed this property to Elizabeth Miller, one of the appellees, who, simultaneously with the execution of the deed to her, conveyed said property to Doyle's wife, Sarah V. Doyle. Both deeds were recorded on the following day. Sarah V. Doyle divorced her husband in 1923, and married Lawrence Shoul.

The acknowledgment to the deed from James Doyle and wife to Elizabeth Miller was taken by the grantee, Elizabeth

Miller, a notary public; while the acknowledgment to the deed from Elizabeth Miller to Sarah V. Doyle was taken by one duly authorized to take such an acknowledgment, and not a party to the deed. The appellant had no actual notice of these deeds until October, 1929.

James Doyle, as alleged in the bill, failed to pay the taxes due the government, for the payment of which the bond had been executed, and the appellant, when called upon by the government, paid the same. The appellant, being unable to collect from James Doyle the amount so paid by it, instituted suit therefor against Doyle in the Circuit Court for Baltimore County, and on the 10th day of May, 1926, recovered judgment against him for the amount paid by it for and on his behalf.

On January 19th, 1931, an amended bill was filed by which the court was asked: First. That Sarah V. Shoul be enjoined and restrained from incumbering or transferring said property until a decree be passed in the cause. Second. That the deeds from James Doyle and wife to Elizabeth Miller, and from Elizabeth Miller to Sarah V. Doyle, be annulled and vacated, and that the property described therein be declared to be impressed with the lien of the plaintiff's judgment. A demurrer filed to the bill was sustained, and the appeal in this case is from the ruling of the court thereon.

The property in this case is treated by the appellant as having been acquired by the wife from her husband through and by the deeds above mentioned; and is therefore subject to the provision of section 1, article 45, of the Code, Supplement 1929, of this state, wherein it is provided "that no acquisition of property passing from one spouse to the other, shall be valid if the same has been made or granted in prejudice of the rights of subsisting creditors, who, however, must assert their claims within three years after the acquisition of the property or be absolutely barred."

It is evident that the meaning of this section of the Code is that a deed conveying property from one spouse to the other must be "attacked within three years from the date of its recordation" (*Stieff Co. v. Ullrich,* 110 Md. 629, 73 A.

874, 875), or from the time "the creditor had notice of it or had some knowledge which put him on inquiry." *James v. Murray,* 142 Md. 108, 120 A. 376, 378.

In this case, the appellant, a creditor of Doyle, did not have actual notice of the deeds through which the wife acquired the property until the month of October, 1929, less than three years before the filing of the bill, on July 15th, 1930; though the deeds, as executed and acknowledged on September 22nd, 1921, were recorded on the following day, September 23rd, 1921, more than three years before the filing of the bill. But the claim is made by the appellant that the acknowledgment of the deed from Doyle and wife to Elizabeth Miller is defective because taken by Elizabeth Miller, the grantee therein, when, as contended by the appellant, she, as such grantee, was without authority under the statute to do so; and, because of such defect in the acknowledgment, the recordation of the deed did not give to the appellant constructive notice of its execution. Section 1 of article 21 of the Code provides that: "No estate of inheritance or freehold, or any declaration or limitation of use, or any estate above seven years, shall pass or take effect unless the deed conveying the same shall be executed, acknowledged and recorded as herein provided." And section 15 of the same article provides that: No deed of real property shall be valid for the purpose of passing title unless acknowledged and recorded as herein directed." Section 2 of the same article names those who are authorized to take acknowledgments of deed, and a "notary public" is one of those authorized. Elizabeth Miller, the grantee, was a notary public, and generally authorized to take acknowledgment of deeds, but was she authorized to take the acknowledgment to the deed in this case in which she was named as the grantee? That is the sole question to be decided by us.

Mr. Tiffany, in his work on *Real Property,* says in volume 2. (2d Ed.), p. 1729: "It is generally agreed that an officer who is beneficially interested in a transaction cannot take an acknowledgment." This statement of law is in accord with the general authorities. To allow the grantee in a deed who

is beneficially interested in the grant to take the acknowledgment would be against public policy, and would practically defeat the real purpose of the law, which is to prevent the perpetration of fraud on the grantors, and to afford a reasonable assurance to those who deal on the faith of such instruments that they are genuine and represent bona fide transactions.

In the case before us, the grantee took no beneficial interest in the grant, but was a mere conduit for the transfer of the title from the husband to the wife. It gave her no beneficial interest in the property, but only an instantaneous seisin, sufficient to convey it away again at once. *Hazleton v. Lesure,* 9 Allen (91 Mass.), 25. The grant to her and the grant by her are regarded as one entire act; the estate being merely in transitu. "There is no interval of time which the law would recognize between the operation of the grant to her and the grant from her, they constitute one and the same transaction, just as if the two deeds had been embodied in one instrument." *Notes on Titles,* p. 175. And, as we have said, the acknowledgment to the deed to the wife, which was the culmination of the transfer of the property to her from her husband, was taken by one not a party to the deed, but duly authorized to take acknowledgments to deeds or other conveyances.

The fact that the acknowledgment to the deed to Elizabeth Miller, the grantee, who was but a mere conduit through which the estate, in which she had no beneficial interest, was passed to the wife, was taken by her, does not, in our opinion, have the effect of rendering the acknowledgment thereto defective, and the two deeds, the one from Doyle and wife to Elizabeth Miller, and the one from her to Mrs. Doyle, the wife, when recorded, served as constructive notice of their execution. And, as these deeds were recorded as early as September 23rd, 1921, more than three years prior to the institution of this suit, the plaintiff is now barred by the limitations created by the statute.

The cases of *Amick v. Woodworth,* 58 Ohio St. 86, 50 N. E. 437, and *Rothschild v. Daughter,* 85 Tex. 332, 20 S. W.

142, 16 L. R. A. 719, 34 Am. St. Rep. 811, upon which the appellant largely relies, are, we think, easily distinguishable from the case under consideration.

The court, in our opinion, committed no error in sustaining the demurrer to the bill, and the order appealed from will be affirmed.

*Order appealed from affirmed, with costs.*