IDA H. DAVIS *v.* LOUIS HARRIS ET AL.

[No. 44, April Term, 1936.]

*Decided June 10th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William Saxon,* with whom was *Samuel Greenfield* on the brief, for the appellant.

*Morton M. Robinson,* with whom were *Herman Sam-. uelson* and *Jerome Robinson* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

The allegations of the amended bill of complaint in this case are to the following effect:

Prior to December 8th, 1926, A. Berkenfeld was the holder in due course of a promissory note for $383, maturing on that date, signed by Louis Harris, one of the present defendants. Payment of the note having been demanded and refused, suit thereon was instituted on January 8th, 1927, resulting in a judgment, entered on January 29th, 1927, which is now held by the plaintiff in this litigation as assignee. When demand for the payment of the note was made at its maturity, and on numerous later occasions before suit upon it, the defendant Louis Harris, in refusing payment, threatened that, if suit were brought against him by the holder of the note, he would prevent its collection by disposing of all his real and personal property. When the note was executed, and for a number of years previously, Louis Harris was the owner of two leasehold properties located on Park Heights Avenue in the City of Baltimore. While the holder of the note was negotiating with Harris for its payment, he carried out his threat by conveying all of his estate, consisting of the leasehold properties just mentioned, to Raymond A. Egner, without any consideration, and for the sole purpose of hindering and delaying the holder of the note in enforcing its collection. The deed from Harris to Egner was executed on December 23rd, 1926, fifteen days after the note matured, and fifteen days before the suit on it was instituted. Five days after its execution the deed was recorded. In "furtherance of the scheme to hinder, delay and defraud the creditors" of Harris a deed was executed by Egner on December 23rd, 1927, "retransferring" the two leasehold properties to Louis Harris and Estelle Harris, his wife, as tenants by the entireties, which deed was recorded on April 5th, 1928. Subsequently Mr. and Mrs. Harris mortgaged one of the properties to the Druid Hill Perpetual Building Association to secure a loan of $1,300, and the other to the Maryland Casualty Company for an obligation to the amount of $1,000.

After making the averments which we have summarized, the bill alleges that the property of Louis Harris,

here sued jointly with his wife, is not susceptible to execution in view of the transfers mentioned in the bill, and that the plaintiff, without the equitable intervention of the court, will be unable to obtain satisfaction of his judgment, which remains wholly unpaid. The specific relief prayed for is that the judgment be declared a lien upon the properties described in the bill, subject to the mortgages to which it refers.

A demurrer to the bill of complaint interposed the defenses of laches and limitations. From an order sustaining the demurrer, without leave to amend the bill further, the plaintiff has appealed.

The defense of limitations is based upon section 1 of article 45 of the Code (as amended by Laws 1929, ch. 398, sec. 1), which provides: "The property, real and personal, belonging to a woman at the time of her marriage, and all the property which she may acquire or receive after her marriage, by purchase, gift, grant, devise, bequest, descent, in the course of distribution, by her own skill, labor or personal exertions, or in any other manner, shall be protected from the debts of the husband, and not in any way be liable for the payment thereof; provided, that no acquisition of property passing from one spouse to the other, shall be valid if the same has been made or granted in prejudice of the rights of subsisting creditors, who, however, must assert their claims within three years after the acquisition of the property, or be absolutely barred, and, for the purpose of asserting their rights under this section, claims of creditors not yet due and matured shall be considered as due and matured."

This suit was instituted on January 17th, 1936, nearly nine years after the completed transfer of the properties in question to the defendant husband and wife as tenants by the entireties. The effect of the transfer was to vest in the wife, as well as in the husband, the entire title to the properties during their joint lives, with the right of continued and complete ownership in the surviving spouse. Such an acquisition of property by the wife is

within the purview of the quoted statute. The limitation of time which it imposes in absolute terms upon the rights of creditors to contest conveyances from husband to wife has been repeatedly applied. *Stieff Co. v. Ullrich,* 110 Md. 629, 633, 73 A. 874; *Dixon v. Dixon,* 128 Md. 1, 5, 96 A. 1027; *Nimmo v. Blick,* 128 Md. 326, 328, 97 A. 636; *United States Fid. & Guar. Co. v. Shoul,* 161 Md. 425, 157 A. 717; *Hertz v. Mills,* 166 Md. 492, 494, 171 A. 709.

It has been argued that the statute is inapplicable in the present case because the plaintiff's judgment, while obtained after the execution and recording of the deed from Harris to Egner, was entered long before the latter reconveyed the properties to Harris and his wife. But the bill of complaint avers that the reconveyance was in furtherance of the scheme of Harris to hinder, delay, and defraud his creditors, and that is the purpose for which the deed, without consideration, from Harris to Egner, is alleged to have been executed. It is thus affirmed that the reconveyance was in pursuance of the plan to which the original conveyance was likewise directed. The circumstance of the delay in the intended retransfer does not neutralize the effect upon the plaintiff's case of the fact that the judgment debtor had conveyed his property, by a duly recorded deed, before the institution of the suit on which the judgment was procured. The object of this proceeding in equity is to enforce the judgment creditor's claim as against an estate in which the wife of the judgment debtor acquired an interest from the husband through a consummating deed recorded more than three years before the plaintiff's rights in opposition to it were thus asserted. It is assumed and declared by the bill that such a proceeding is requisite for the enforcement of the plaintiff's claim against the property conveyed by the deeds in controversy. The definite terms of the statute bar the present assertion of the claim after the lapse of three years from the date of the wife's acquisition of the property interest which would be affected by a successful prosecution of the suit.

The question of laches need not be discussed in view of our conclusion that the suit is barred by limitations.

*Order affirmed, with costs.*