IRVING B. GRANDBERG *v.* NORMAN BERNARD

[No. 36, January Term, 1945.]

*Decided April 12, 1945.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and
MARKELL, JJ.

*Samuel J. Friedman* and *Irving B. Grandberg* for the
appellant.

*L. Wethered Barroll,* with whom was *Ralph Robinson*
on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

Appellee was engaged in conducting an agency for the
collection of mercantile claims, and needed the services
of an attorney at law. He apparently controlled the list-
ing of the name of an attorney for the Baltimore area,
in two publications of nation-wide circulation among
forwarders of mercantile claims. In September, 1930, he
entered into an agreement with appellant, a lawyer,
whereby appellant would render legal services to appel-
lee and appellee would procure the listing of appellant's
name as an attorney at law in the two publications. The
annual expense of maintaining the listing of appellant's
name in the publications was to be borne equally by the
parties, and the commission earned from the collection of
claims received through the listing of the appellant's
name in these publications was to be equally divided.
Appellee secured the listing of the appellant's name in
the publications, paid one half of the annual expense
thereof, and the agreement continued in force and effect
for over ten years. During this period, and as a part of
the agreement, appellant turned over to appellee the
claims he received, and appellee endeavored to collect
same. In the event he was not successful in collecting a
claim he returned same to the appellant, who instituted
suit thereon and conducted the legal proceedings to a
conclusion. The listing in one of these publications was
discontinued, but, at the time, it was agreed if the list-
ing was renewed the original arrangement as to the same
would automatically revive. Later on the listing was re-

newed. This arrangement was profitable and appellee states his share of the profits over the years approximated $1,200.00 annually. He charges, in the month of July, 1941, the appellant breached this agreement by refusing: 1. To allow him to pay one half of the annual expense of the listing of appellant's name in the publications; 2. To pay him one half of the annual profits of the venture, and 3. To turn over to him any accounts for collection, although he is and has always been ready, willing and able to perform all of his duties and obligations under the agreement. He states that appellant has refused to permit him to participate in any way in this business, or to *"account* to him for such amounts as are properly due" to him "since July, 1941."

On August 21, 1944 (more than three years after July, 1941) appellee filed his bill of complaint against the appellant in the Circuit Court of Baltimore City. Its material allegations have been narrated above. He prays that appellant answer the bill and "discover under oath the income he has received since July, 1941, for all claims that have come into the hands of said respondent (appellant) by reason of respondent's name being inserted in the" two publications "to the present time," and for general relief.

The appellant demurred to the bill, and from an order of the Chancellor overruling the demurrer, with leave to answer in thirty days, this appeal was taken. The appellant assigns several reasons in support of his demurrer, the second thereof being as follows: "That under the allegations of said bill of complaint, the alleged arrangement was terminated over three years prior to the filing of the bill of complaint." As we are of opinion this reason is conclusive on demurrer, it will not be necessary to consider the other matters which appellant contends support the demurrer.

It is apparent from the allegations of the bill that appellee does not claim there is any money due him from appellant prior to July, 1941. At that time appellant completely severed his business relations with appellee re-

garding the collection of mercantile claims. For more than three years appellee did nothing at all to redress the alleged breach of the arrangement or contract set up in his bill of complaint. And in his bill he sets up no reason or excuse whatever for the delay. It is an equitable principle that mere delay will not bar the prosecution of a right, unless it appears that the delay "works a disadvantage to the party against whom relief is sought." *Curtis v. Baptist Union Assn.,* 176 Md. 430, 435, 5 A. 2d 836, 839. On the other hand, if the remedy sought in equity is analogous to a remedy cognizable at law, and the statute of limitations prescribes a time within which the legal action must be instituted, equity will follow the law and bar the action. If this were not so a litigant could circumvent the statute by by-passing the law courts and bring his case in equity. This principle has been decided by this Court, and for years has been the settled law of this State.

An action of account is cognizable at law.

*Pleading & Practice, Poe* (Tiffany's Ed.), Vol. 1, Secs. 51, 318, 320; *Wisner v. Wilhelm,* 48 Md. 1; *Flack v. Gosnell,* 76 Md. 88, 24 A. 414; *Seeley v. Dunlop,* 157 Md. 384, 146 A. 271; *Johnson & Higgins v. Simpson,* 165 Md. 83, 87, 166 A. 617.

Article 26, Section 9, Flack's Code, 1939, is as follows:

"In all actions brought in any court founded on account, or on which it may be necessary to examine and determine on accounts between the parties, the court may order the accounts and dealings between the parties to be audited and stated by an auditor or auditors to be appointed by such court, and there shall be the same proceedings thereon as in courts of equity upon bills for an account, reserving to the parties, however, the right to a jury trial if demanded."

Article 57, Section 1 of the Code aforesaid, provides:

"All actions of account * * * shall be commenced * * * within three years from the time the cause of action accrued."

In *Wilhelm v. Caylor*, 32 Md. 151 (side page 155), Judge Alvey, speaking for this Court, said:

"By the statute law of this State, Act of 1715, Ch. 23 (I Code, Art. 57, Sec. 1), the common law action of account is not only recognized as an existing remedy, but is required to be brought, by express limitation, within three years from the time the cause of action accrued. This being the limitation to the right to have an account taken in an action at law, the question is, whether the same or a different period applies to the analogous proceeding for the same thing in equity; or, in other words, whether it be in the power of the party seeking an account, to avoid the operation of the statue by simply electing to proceed in one form rather than another. We think the statue cannot be so evaded, and that it is equally a bar to a bill for an account in equity as it is to an action of account at law."

In *Barnhart et al. v. Western Maryland Railway Co.*, decided June 11, 1942, by the Circuit Court of Appeals, Fourth Circuit, 128 F. 2d 709, at page 715, that Court quoted from Judge Alvey's opinion in the case referred to as follows:

"But, instead of its being a legal demand and the subject of an action of account at law, suppose the appellant's right to an account to be only equitable, and for which no other remedy exists but a bill in chancery, is he in any better position in reference to the defence of the Statute of Limitations? Clearly not. In such case, the statute applies strictly by analogy, and bars equally as if the demand was purely legal. The bill in equity is an analogous proceeding to an action of account, and there is no reason why one proceeding should be barred and not the other. They are both equally within the reason and policy of the statute."

"Equity follows the law in applying, according to the facts in each case, the proper period of limitations." *Jones v. Burgess*, 176 Md. 270-277, 4 A. 2d 473, 476; *Nimmo v. Blick*, 128 Md. 326, 97 A. 636.

The Statute of Limitations, in cases where it applies, can be raised by demurrer as a defense to a bill in equity. *Nimmo v. Blick,* supra; *Belt v. Bowie,* 65 Md. 350 (side page 355), 4 A. 295; *Campbell v. Burnett,* 120 Md. 214, 87 A. 894; *Syester v. Brewer,* 27 Md. 288 (side page 319).

We have not discussed the legality or the ethics of the arrangement between the attorney (appellant) and appellee. It has not been necessary to decide those matters. However, we do not want to be understood as approving the arrangement between a lawyer and a layman who operates a collection agency such as existed in this case.

> *Order reversed and bill of complaint dismissed, with costs to appellant.*