CATHERINE A. GLASS *v.* KENNETH E. GLASS

[No. 9, September Term, 1978.]

*Decided December 20, 1978.*

*Wallace Dann* for appellant.

No brief filed by appellee.

*Mary S. Elcano,* with whom were *Eric Peltosalo, John C. Eidleman* and *Richard F. Pecora* on the brief, for Legal Aid Bureau, Inc., *amicus curiae.*

DIGGES, J., delivered the opinion of the Court.

We granted certiorari in this divorce action to determine whether the Court of Special Appeals was correct in concluding that it was reversible error to proceed against a member of the armed forces of the United States as a defaulting defendant without appointing counsel to represent him under the provisions of the federal Soldiers and Sailors Civil Relief Act. 50 U.S.C. app. § 520(1) (1970). Because an examination of the circuit court proceedings in this case reveals that following service of process on the husband-defendant there was neither the filing of an initial pleading by him, Maryland Rule 307, nor the entry of a decree pro confesso, Rules S73 and 310 b, either of which was required before the trial court was authorized to sign a final divorce decree, we will direct a vacation of the decree entered here without considering the import of the Civil Relief Act.

What happened may be briefly stated. On October 29, 1976, petitioner Catherine A. Glass, claiming she was abandoned and deserted by her husband, filed a complaint in the Circuit Court for Anne Arundel County seeking an a vinculo matrimonii divorce or, in the alternative, one a mensa et thoro from respondent Kenneth E. Glass. The bill of complaint, with its accompanying interrogatories, was served on the husband on November 8, 1976. When Mr. Glass did not file an answer or other responsive pleading to the command of either the subpoena or the interrogatories, his wife filed a "Petition for Hearing" alleging that, although the respondent was "a member of the United States Army," he was "well able to conduct a defense of this cause of action" and requested that the court set a date for a hearing on the matters raised by the complaint.[1] On January 28, 1977, the circuit court set a hearing on all "open matters" in the case for April 14 of that year at 1:30 p.m. In the interval, specifically on March 3, the wife, because of the respondent's failure to answer the interrogatories, filed a motion for sanctions pursuant to Rule 422 c by which she sought a decree pro confesso and other

---

1. The record discloses that throughout the entire course of the proceedings in the circuit court the husband was a member of the United States armed forces, stationed at Ft. George G. Meade, Maryland, which is located about twenty miles from the Anne Arundel County courthouse.

relief. Although served on March 10 with a copy of this motion, the husband made no response to it. At the hearing conducted on April 14, without the husband being present either in person or through counsel, the trial judge announced at the conclusion of the testimony produced by the wife that "Mrs. Glass is entitled to a decree pro confesso and a final decree and [I] will sign the decree as of this date." [2] Following this statement, but without a decree pro confesso being entered, the trial judge proceeded to sign a final decree that, in addition to granting Mrs. Glass an a mensa et thoro divorce and an award of $200 per month as permanent alimony, also provided that she alone owned certain enumerated personal property, and directed that the husband pay the costs of the proceedings as well as $750 compensation to the wife's attorney. The husband noted a timely appeal from that decree.

Initially we mention "that *in equity* the pleadings and definitive actions of the Chancellor *must* be done by *written* documents duly filed in the equity case," *Eggert v. Montgomery Co. Council,* 263 Md. 243, 246, 282 A. 2d 474, 476 (1971) (emphasis in original); *accord, e.g., Tvardek v. Tvardek,* 257 Md. 88, 99, 261 A. 2d 762, 768 (1970); *Sellman v. Sellman,* 238 Md. 615, 618, 209 A. 2d 61, 62 (1965) (per curiam); E. Miller, *Equity Procedure* § 284, at 354 (1897), and, therefore, the court's announcement here that the wife was

---

2. The record indicates that just after the trial judge informed Mr. Dann, Mrs. Glass' attorney, that he would sign the divorce decree, Mr. Glass appeared in the courtroom and the following colloquy took place:

> COURT: ... Let the record show that the defendant just walked into the courtroom. The case started at 1:30. It is now 2:23 p.m. Do you want to inform the Court why you're almost an hour late?
> MR. GLASS: Yes Sir. I told them downstairs ... I asked them what courtroom it's in and they told me courtroom three, sir. And I've been sitting there.
> COURT: Courtroom three? You were called in the hall at 1:35 ... by the Clerk.
> MR. GLASS: I was sitting inside the courtroom, sir.
> COURT: Mr. Dann, if you will conform a copy of this and give it to Mr. Glass.
> MR. DANN: Alright, sir. I have two extra copies. I'll take it to the Clerk and have copies made ... true tested and certified.
> COURT: Alright.

The record states that at this point the hearing ended.

entitled to a decree pro confesso was not such a decree because it did not conform with the well-established equity practice in this State. Thus, no decree pro confesso was ever entered in this divorce action.

The Maryland Rules of Procedure that require, before proceeding upon default, the entry of a decree pro confesso, *e.g.,* Rules S73, 310 b, 422 b and c, 611, 675, as well as their statutory predecessors, are based on chapter 161 of the Acts of 1820. The object of these rules is

> to provide a just and reasonably expeditious mode of obviating the delays and difficulties to which plaintiffs were subjected by defendants disobeying the mandates of the court requiring them to appear and answer bills filed against them. The design was, in the event of the defendant's continuing disobedience to the order of the court, to give to the plaintiff a remedy against him, as nearly as may be, as expeditious and effectual as if an appearance and answer had in due time followed the order of the court. The [rules are] a means of relief against the delay and neglect of defendants. [E. Miller, *supra,* § 272, at 338-39 (footnotes omitted).]

Thus, a decree pro confesso is a tool by which in default of appearance or in default of answer, plea, or demurrer after appearance, a plaintiff, within the time allowed, is enabled to proceed ex parte against a neglectful defendant.

Rule S73 governs default by the defendant in divorce actions and provides: "Where a defendant is in default in proceedings for divorce, annulment, or alimony a decree *pro confesso* may be entered." Likewise, Rule 310 b, which pertains generally to equity actions when the party against whom a claim is asserted is in default, reads: "If a party against whom a claim is asserted is in default for failure to comply with the requirements as to time allowed for pleading, unless the time be enlarged by the court for good cause shown, . . . the bill may be taken pro confesso in a proceeding in equity, on motion of the adverse party, and thereupon the

case shall proceed ex parte as against such party." [3] In light of these rules, it is plain that to proceed to obtain a final decree of divorce without the entry of a decree pro confesso when the defendant is in default of an answer or other appropriate response is an irregularity that is not countenanced by the precise rubrics set out in these rules.

Accordingly, we will remand the case without affirmance or reversal to the Court of Special Appeals with instructions that it vacate the final divorce decree entered by the Circuit Court for Anne Arundel County and remand the case to that court for further proceedings.[4]

> *Case remanded without affirmance or reversal to the Court of Special Appeals with instruction to vacate the decree of the Circuit Court for Anne Arundel County dated April 14, 1977, and remand the case to that court for further proceedings. Costs to be paid by the petitioner.*

---

**3.** Rule 675 a 1 provides that a final decree may be entered *only* "after the expiration of thirty days from the entry of the order of *pro confesso . . . .*"

If the court has jurisdiction over the subject matter and acquires jurisdiction over the parties, the failure to obtain a decree pro confesso is ordinarily not such an irregularity that it will authorize the vitiating of a final decree that has become enrolled. *See* Bailey v. Jones, 107 Md. 405, 408-09, 68 A. 881, 882-83 (1908).

**4.** There is an indication in the record that respondent Kenneth E. Glass was discharged from military service on January 13, 1978. If this be true, the issue pertaining to the Soldiers and Sailors Civil Relief Act is now moot and the matter may proceed in the normal manner following a proper response to the complaint in the circuit court or, in default thereof, proceed to a conclusion after the filing of a decree pro confesso.