# IN RE: SPECIAL INVESTIGATION NO. 186

[No. 144, September Term, 1981.]

*Decided April 6, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Albert H. Turkus,* with whom were *Dow, Lohnes & Albertson* on the brief, for appellant.

*Stefan D. Cassella, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall hold in this case that when a witness appears pursuant to a summons issued by a prosecutor under

Maryland Code (1957, 1976 Repl. Vol., 1977 Cum. Supp.) Art. 27, § 592A, it is permissible to make a record of that which a witness says.

Acting pursuant to authority from the Governor under Maryland Const. art. 5, § 3 (a) (3), the Attorney General of Maryland was engaged in certain investigations. Article 27, § 592A (a) provides that a State's attorney "may issue a summons for a witness for the purpose of obtaining evidence to prepare an information." It is conceded that for the purposes of this proceeding the Attorney General stands in the shoes of a State's attorney. Section 592A (b) states:

> "A witness from whom testimony and evidence is being sought pursuant to this section shall be sworn. If the witness so requests the State's attorney shall cause a record to be made of all testimony and evidence obtained pursuant to the summons."

When the witness in question appeared at the office of the Attorney General pursuant to the summons, the Assistant Attorney General who was conducting the interview indicated that he intended to make a tape recording of what was said. The attorney for the witness objected. It was agreed that the tape recording would be made, but that the tape would be held by counsel for the witness until a ruling had been made on whether the recording was permissible.

The matter came on for hearing before one of the judges of the Criminal Court of Baltimore. He directed counsel to turn over the tape to the Assistant Attorney General. He stayed the order, however, for the purpose of allowing an appeal. An appeal was entered to the Court of Special Appeals. We issued the writ of certiorari ex mero motu in order that we might address the issue here before the Court.

The witness summoned contends that the plain meaning of § 592A is that a transcript shall be made only at the request of a witness. The appellant asserts that without this claimed transcription power Code (1974, 1980 Repl. Vol.) §§ 10-401 et seq., Courts and Judicial Proceedings Article, "would prohibit the tape-recording of [his] statements

without his consent, even though the State's Attorney was a party to the conversation." This is incorrect because that statute is applicable to wire communications and oral communications. A "wire communication" is defined in the statute as "any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception furnished or operated by any person engaged as a common carrier in providing or operating such facilities for the transmission of communications . . . ." This obviously is not a wire communication. "Oral communication" is defined as "any conversation or words spoken to or by any person in *private* conversation . . . ." (Emphasis added.) When a person has been summoned by a prosecutor, this certainly is no private communication. *Cf. Adams v. State,* 289 Md. 221, 424 A.2d 344 (1981). The State, on the other hand, says that "the right to gather evidence includes the right to memorialize it."

No one has directed our attention to a case directly in point, either in Maryland or elsewhere. We have been unable to locate such a case.

There is nothing in the statute stating that what a summoned witness says may not be memorialized. The statute states that a summons to a witness is "for the purpose of obtaining evidence to prepare an information." This obviously contemplates that some notation of what is said may be made.

We see the statute as having been intended to protect an individual against a later contention that he said other than what he actually said. It cannot be denied that if the interrogator had the type of mind by which he could memorize everything that was said, this would constitute no infringement upon any rights of the person interrogated. We believe it entirely permissible for the interrogator to take notes, to have the interview stenographically recorded, or to have the interview electronically recorded.

*Judgment affirmed; appellant to pay the costs.*