## EX PARTE GENERAL NEWS BUREAU, INC.
[Nos. 18, 19, April Term, 1932.]

*Decided June 20th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Robert F. Leach,* with whom was *William Curran* on the brief, for the appellant.

*Wm. L. Henderson, Assistant Attorney General,* with whom were *Wm. Preston Lane, Jr., Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

The appellant corporation was adjudged to be in contempt of the Criminal Court of Baltimore City for failure to obey its summons to appear and produce certain documentary evi-

dence desired by the court to aid it in ascertaining the extent of criminal betting and bookmaking operations for which two defendants had been indicted, tried, and convicted, and were about to be sentenced. In the course of their trial it appeared that the basement in which they conducted their unlawful enterprise was connected by telephone and switchboard with the office of the present appellant, and through it with many other locations. In order to determine as to a proper sentence for the convicted defendants, the court was endeavoring to learn whether they were engaged in a separate and restricted illegal venture, or were promoting an extensive system of prohibited bookmaking. The records of the appellant were required by the court for that purpose, since the telephone company was unable to supply the necessary information. A summons for the appellant to produce the requisite records was taken by the sheriff to its office and left with employees there in charge, who delivered the paper to the general manager; but it was disregarded. A citation for contempt was then issued against the appellant and served on a clerk in its office, there being no superior officer or agent available for service of the process. Thereafter a motion to quash the citation was filed on behalf of the appellant by counsel who appeared specially for the purposes of the motion, which asserted that its corporate name is the General News Bureau, Incorporated; that it is engaged in the business of collecting and distributing sporting information, but has no connection with any organization known as General News Service, to which the court's summons was addressed; that the General News Bureau, Incorporated, the appellant, was never legally summoned in the case; that it was never mentioned at the trial of the defendants in regard to whose prospective sentences the summons addressed to General News Service was issued; that the court had no jurisdiction to conduct the intended inquiry because it had no proper relevancy to the imposition of the sentences; and that the appellant never had in its possession any such records as the summons indicated. The motions to quash the citation was overruled, and no defense on the merits

being interposed, the appellant was fined $2,500 for contempt.

A second summons *duces tecum* was issued against the appellant and served on a clerk in its office; the sheriff certifying in his return that there was no other officer or agent with whom to leave the summons. Motions to quash the writ were filed by the appellant, through counsel specially appearing, on the grounds that the court had no jurisdiction to issue the writ when a verdict and judgment had been entered and the only remaining action was the imposition of a sentence, to which the evidence sought by the subpoena had no proper relation; that the appellant is a foreign corporation maintaining an office in the City of Baltimore, but having no resident agent in Maryland; that the statutory provision (Code art. 23, sec. 118) for process against foreign corporations refers only to proceedings against them as defendants and does not subject them to summons for testimony or the production of records; and that the appellant was not lawfully served with the writ. The court overruled those motions and issued a citation against the appellant for the contempt involved in its disobedience of the second subpoena. The service of this citation was wholly ignored, and after the appellant had failed to take advantage of the ample opportunity given it to make a defense, it was again adjudged to be guilty of contempt and for its second offense was fined $10,000. It has appealed from the judgments imposing the two penalties.

The point that the first summons was directed to General News Service, and not to General News Bureau, Incorporated, is highly technical. It was intended for the corporation bearing the latter name (*Western Union Tel. Co. v. State,* 82 Md. 293, 33 A. 763), and was served at its office upon "a person in its service" with whom a copy of the subpoena was left, as provided by section 118 of article 23 of the Code. The sheriff's return shows the service to have been made upon the appellant in its correct corporate name. It is provided by section 117 of article 23 of the Code that every foreign corporation doing business in this state shall be

deemed thereby to have assented to all the provisions of its laws. Corporations are made amenable as defendants, in criminal cases instituted by the Attorney General, to process served according to the method prescribed for civil suits. Code, art. 27, secs. 727, 728. The power of the court to summon a corporation as a defendant implies the analogous authority to require it to produce records needed in a case to which it is not a party. 40 *Cyc.* 2168. A distinction in that respect between civil and criminal proceedings would be altogether illogical.

There could be no justification for the appellant's refusal to obey the summons of the court because of any question as to the relevancy of the documentary evidence which it was directed to produce, or as to the court's right to consider it after verdict and judgment. Those were questions appropriate for judicial decision and not as excuses for disobedience of judicial process. Undoubtedly the court had the right to obtain evidence to guide its judgment as to the proper sentence to be pronounced. 8 *R. C. L.* 260. If the specified records of the appellant had been produced, a well-founded objection then made as to their materiality would presumably have been sustained. But to permit a recalcitrant witness to make such a contention the basis of a successful defiance of the court's process would be incompatible with a proper recognition of its essential powers and with the efficient administration of justice. *Nelson v. United States,* 201 U. S. 92, 26 S. Ct. 358, 50 L. Ed. 673; *Consolidated Rendering Co. v. Vermont,* 207 U. S. 541, 28 S. Ct. 178, 52 L. Ed. 327, 12 Ann. Cas. 658; *Blair v. United States,* 250 U. S. 273, 39 S. Ct. 468, 63 L. Ed. 979; 13 *C. J.* 26; *Wigmore on Evidence* (2nd Ed.), sec. 2210.

The first sentence was imposed after the appellant had failed to appear and produce the records demanded by the second summons. It is therefore argued for the appellant that the two defaults constituted "one disobedience" and that the second sentence was invalid as resulting in double punishment for the same offense. There is the further contention that the fines are in excess of penalties prescribed by statute.

Two of the Code provisions cited to support the last contention relate to civil proceedings at law and in equity and to fines supplementing other remedies. Code, art. 35, secs. 8, 9. The Baltimore City Charter (Code P. L. L., art. 4, sec. 346) provides that if any person summoned as a witness to the criminal court shall fail to attend as required by the summons, he shall be fined by the court "in its discretion, not exceeding one hundred and fifty dollars."

No question was raised in the court below as to its right to impose the second sentence or as to the amount of the fines. While the appellant appeared by counsel for the special purpose of disputing the validity of the first citation and the second subpoena, it studiously refrained from obeying the process or appearing generally in the contempt proceedings. It is raising in this court, for the first time, objections which it might have urged in the criminal court if it had been willing to treat with proper respect the authority of that tribunal. The statute relating to appeals in contempt cases provides, in part, that upon appeal to the Court of Appeals in cases of both direct and constructive contempts, the court "shall consider and pass upon the law and facts" and "shall make such order as to it may seem proper, including the right to reverse or modify the order" under review. Code (Supp. 1929), art. 5, sec. 105. It is apparent from other provisions of the section just cited that it contemplated appeals on records showing defenses interposed in the court by which the judgment in contempt was rendered. It clearly was not intended that defenses which might have been presented in the trial court could be reserved, in pursuance of a deliberate purpose to ignore its authority, and yet be available on appeal as a ground of reversal. There are decisions of this court which support the view that such a privilege should not be recognized. *Kelly v. Montebello Park Co.*, 141 Md. 194, 118 A. 600; *Mitchell v. State*, 82 Md. 527, 34 A. 246; *Heyward v. State*, 161 Md. 685, 158 A. 897. If the objections first made on this appeal had been raised by motion or exception in the court below, the record would show its decision on the questions as to whether the second contempt should be regarded

as punished by the fine imposed for the one previously committed, and as to whether the inherent power of a constitutional court to protect and preserve its ability to function effectively was designed to be restricted, or could be validly abridged, by the legislative provisions which the appellant now invokes. A determination of those questions is not required on this appeal by the record presented.

*Judgments affirmed, with costs.*