## ROBERT H. KRAFT *v.* SUSSEX CONSTRUCTION CORPORATION, INC.

[No. 621, September Term, 1976.]

*Decided March 14, 1977.*

The cause was argued before THOMPSON, MOYLAN and POWERS, JJ.

*S. Richard O'Day* for appellant.

*Charles H. Acker, III*, with whom was *Leonard C. Collins* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

On July 12, 1974, a summary judgment in the amount of $9,270.86 was entered in favor of Robert H. Kraft, the appellant, against Sussex Construction Corporation, Inc., appellee, in the Circuit Court for Montgomery County. On September 24, 1975, appellee filed a motion to strike out the judgment on the basis that the court had no jurisdiction to enter the judgment because the appellee had been served as Sussex Construction Company and had not been re-served under its correct name, prior to the entry of the summary judgment. There is no contention here that the service on Richard Gildar, the resident agent of the appellant and its president and treasurer was otherwise improper.

On October 21, 1975, the court granted the motion to strike the enrolled judgment entered on July 12, 1974. On November 21, 1975, the appellant filed a motion for reconsideration as well as an appeal to this Court. The appeal was not perfected, probably for the reason that it was filed one day too late. The motion to reconsider was denied May 27, 1976. The instant appeal was timely filed from that denial.

Under Courts and Judicial Proceedings Article § 12-301, this Court has jurisdiction to hear an appeal only from final orders. Certain statutory exemptions are set out in Courts Art. § 12-303. Other exceptions are established by case law such as the denial of a plea of double jeopardy, *Neal v. State*, 272 Md. 323, 322 A. 2d 887 (1974). The Court of Appeals has

also held that the granting of a motion to strike out an enrolled judgment under Md. Rule 625 is in the nature of a final judgment and, therefore, appealable. The same rule applies to the denial of a motion to strike out an enrolled judgment. *First Federated Commodity Trust Corp. v. Commissioner of Securities*, 272 Md. 329, 322 A. 2d 539 (1974).

In the case at bar the appellant allowed the appealable order striking out the judgment to become final by not filing a timely appeal and by allowing 30 days to pass before he filed his motion to reconsider. We will, therefore, treat the motion to reconsider as a motion to strike a final judgment under Maryland Rule 625 a,[1] which requires a showing of "fraud, mistake or irregularity" as to an enrolled judgment to justify favorable action. We do not find any "fraud, mistake, or irregularity" during the course of the hearing to strike the judgment.[2] The only mistake alleged by the appellant is that the trial judge erred in finding an improper service of process at the original hearing. This is not the type of mistake contemplated by the rule. *Williams v. Snyder*, 221 Md. 262, 155 A. 2d 904 (1959); *Rhodes Co. v. Blue Ridge Co.*, 218 Md. 329, 331, 146 A. 2d 771 (1958). While the cases clearly show that improper service of process is a proper ground to strike a judgment under Md. Rule 625 a, there is no dispute as to service of process for the motion to strike hearing. *Miles v. Hamilton*, 269 Md. 708, 309 A. 2d 631 (1973); *Ashe v. Spears*, 263 Md. 622, 284 A. 2d 207 (1971), *cert. denied* 406 U. S. 958 (1972). We find no error on the part of the trial judge in denying the motion to reconsider no matter what we may think as to his original action in striking the judgment.

Inasmuch as the trial court will have before it, when it considers the now pending question of the running of the statute of limitations, the same question as it had before it

---

1. Md. Rule 5 o defines a judgment as follows: " 'Judgment' means judgment at law, decree in equity and any other order of court final in its nature."

2. *See* Hughes v. Beltway Homes, Inc., 276 Md. 382, 386-389, 347 A. 2d 837 (1975) for the definitions of those terms.

when it struck out the original judgment, we will express our views by way of dicta as to the propriety of striking that judgment. *Eastgate Associates v. Apper,* 276 Md. 698, 704, 350 A. 2d 661 (1976).

We think the trial court was in error when it struck the judgment. It appears that the court did not have before it the case of *Western Union Telegraph Co. v. State, ex rel. Nelson,* 82 Md. 293, 33 A. 763 (1896), wherein Western Union Telegraph Company was sued and served and that was held sufficient to bind the Western Union Telegraph Company of Baltimore City. The person served was an officer of both Western Union of Baltimore City, a Maryland corporation, and Western Union Telegraph Company, a New York corporation. The facts of the case showed, however, that there was no confusion on the part of the defendant as to who was being sued. Nor did the trial court have before it the more recent case of *Ex Parte General News Bureau, Inc.,* 162 Md. 643, 161 A. 259 (1932), where the Court held that a summons directed to General News Service and not to General News Bureau, Inc. was sufficient to support a finding of contempt on the part of the corporation for failure to comply therewith.

> *Order of May 27, 1976 affirmed.*
> *Case remanded for further pro-*
> *ceedings.*
> *Appellant to pay costs.*