494 A.2d 940

**UNNAMED ATTORNEY**

v.

**ATTORNEY GRIEVANCE COMMISSION.**

**No. 6, Sept. Term, 1985.**

Court of Appeals of Maryland.

July 16, 1985.

**474**

Greta C. Van Susteren, Washington, D.C. (George G. Misko, Washington, D.C., on brief), for appellant.

Glenn M. Grossman, Asst. Bar Counsel, Annapolis (Melvin Hirshman, Bar Counsel, Annapolis, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

ELDRIDGE, Judge.

The appellant, who is listed in the caption of this case as "Unnamed Attorney," has been a member of the Maryland Bar since 1972. In early 1983, the Attorney Grievance Commission received several complaints concerning "flyers," advertising the appellant's services. Persons who had been involved in automobile accidents had received these flyers in the mail. Following several communications between the appellant and Bar Counsel or an assistant bar counsel, Bar Counsel in October 1983 informed the appellant that the question of possible violations of the Code of Professional Responsibility would be referred to an Inquiry Panel.

The Inquiry Panel, with one member dissenting, determined that the matter should be dismissed without a hearing. In light of the dissent, Bar Counsel transmitted the

Inquiry Panel recommendations and reports to the Review Board as required by Maryland Rule BV6 d 4(d). The Review Board thereafter remanded the case for a hearing before another Inquiry Panel.

On August 27, 1984, the newly formed Inquiry Panel served upon the appellant a "Certified Letter in Lieu of Subpoena" pursuant to Rule BV6 d 3(d).[1] The letter required the appellant's attendance at a hearing scheduled for September 14, 1984, and demanded the production of various documents.[2]

---

**1.** Rule BV6 d 3 provides in relevant part as follows:
"(c) Subpoena.
If in a proceeding before an Inquiry Panel the attendance and testimony of a witness or the production of books, documents or other tangible things is required, the Panel on its own motion, or on motion of the Bar Counsel or the attorney against whom the complaint has been made, shall cause a subpoena to be issued by a clerk pursuant to Rule 2–510. The subpoena may not divulge the name of the attorney against whom the complaint has been made, except to the extent that this requirement is impracticable. The sheriff's return shall be made as directed in the subpoena and the proceedings may not be docketed in court. The Bar Counsel shall maintain dockets and files of all papers filed in the proceedings.
"(d) Certified Letter in Lieu of Subpoena.
If in a proceeding before an Inquiry Panel the attendance and testimony of or the production of books, documents or other records by any attorney is required, the Panel may command the attendance and testimony of or production by that attorney by sending him a letter by certified mail addressed to his Office for the Practice of Law, and the letter shall be as effective against the attorney as if a subpoena had been issued pursuant to subparagraph (c) of this Rule."

**2.** The body of the certified letter stated as follows:
"The undersigned, as Chairman of the Inquiry Panel, hereby notifies you that our Inquiry Panel has scheduled its hearing for Friday, September 14, 1984 at 10:00 a.m., at my office located at 9200 Basil Court, Landover, Maryland 20785, to consider the complaints of Jacqueline Hines, J.F. Hobbs, Joel L. Pitman, and Bar Counsel against you.
"Further, you are advised that this letter serves as a subpoena *duces tecum* pursuant to Rule BV6(d) in that it specifically requires your personal attendance at the date, time, and place of the hearing, and day-to-day thereafter until the completion of said hearing, and it requires that you produce and bring to the hearing all your employee and payroll records, financial journals and ledgers, and

The appellant, on September 13, 1984, commenced the present court action by filing in the Circuit Court for Prince George's County a "Motion For A Protective Order, Or In The Alternative, Motion To Quash A Subpoena." Based on various arguments set forth in the motion, including First Amendment contentions, the appellant sought an order either protecting him from having to comply with or quashing the "Certified Letter in Lieu of Subpoena."

Next, the Attorney Grievance Commission, by Bar Counsel's office, on October 19, 1984, filed in the Circuit Court for Prince George's County a "Motion For Contempt," asserting that at the Inquiry Panel hearing on September 14th "the Respondent, upon advice of counsel, refused to answer proper questions during the course of the hearing" and "failed to produce the documents and records sought by the Inquiry Panel." The Attorney Grievance Commission prayed for "an order requiring the Respondent to show cause why an order adjudging him in contempt shall not be passed" and for "such other and further relief as the Court deems appropriate." The "Motion For Contempt" was said to be authorized by Rule BV6 d 3(e).[3] The circuit court

---

all records relating to your escrow, general, payroll and any and all other office accounts including all cancelled checks, copies of deposit slips, bank statements, and check registers from October 1, 1982 through December 31, 1983."

**3.** Rule BV6 d 3(e) provides as follows:
   "(e) Sanction—Attachment—Contempt.
   Whenever any person subpoenaed to appear and give testimony or to produce books, documents or other tangible things, fails or refuses to appear or to answer any proper question or to produce the items requested, the party requesting the subpoena may, by motion which may not divulge the name of the attorney against whom the complaint has been made (except to the extent that this requirement is impracticable), request a court to issue an attachment pursuant to Rule 2–510(h), or to cite the person for contempt pursuant to Subtitle P of these Rules, or both."
Whether the contempt sanction under this Rule is applicable to a certified letter in lieu of a subpoena issued under Rule BV6 d 3(d), or is limited to a subpoena issued by a clerk of the court under Rules BV6 d 3(c) and 2–510, is a question which we do not reach in this opinion.

treated the contempt motion as part of the same case as the motion for a protective order, and assigned it the same civil action number.

In accordance with the prayer in the contempt motion, the circuit court issued an order requiring the "Respondent" to show cause "why he should not be held in contempt of this Court." The "show cause hearing," together with a hearing on the motion for a protective order or to quash, were scheduled at the same time, before the same judge, on January 3, 1985. At the hearing, each side and the trial judge treated the issue underlying both motions as the same, namely whether the unnamed attorney was required to testify and produce the sought documents at an Inquiry Panel hearing. In fact, at the end of the hearing Assistant Bar Counsel represented to the court that the appellant's "motion to quash or for protective order should be looked at as the answer to the motion for contempt. That is the way I think it ought to be treated."

On January 22, 1985, the circuit court issued an order on the two motions which provided, in pertinent part, as follows:

"This matter came before the Court on the Order to Show Cause filed by Inquiry Panel of the Attorney Grievance Commission of Maryland seeking to hold the Respondent in contempt for his failure to produce certain documents pursuant to a subpoena issued by that body.... A hearing was held in closed Court upon that Order and upon the Motion for Protective Order filed by the Respondent on January 3, 1985. Subsequently the matter was taken under advisement to consider the issues raised.

"Accordingly, after consideration of the arguments advanced by counsel and the memorandum submitted in support thereof, it is this 22nd day of January, 1985, by the Circuit Court for Prince George's County, Maryland,

"ORDERED, that the Respondent produce for inspection the following items:

(1) Any and all financial journals and ledgers of the general account of the Respondent's law office;

(2) any and all contracts and agreements with advertising agencies, newspapers, printers, publishers and stationery producers and manufacturers;

(3) any and all files of persons as of this date, who have filed formal complaints against the Respondent with the Attorney Grievance Commission."

The order was entered on the docket the same day. Ten days later, on February 1, 1985, the Attorney Grievance Commission filed a "Motion For Correction And/Or Modification Of Order" of January 22, 1985, pointing out that the January 22nd order did not address the unnamed attorney's failure to testify before the Inquiry Panel and asking the court to modify the January 22nd order "to include a direction to the Respondent to testify and respond to proper questions at an Inquiry Panel hearing."

On February 4, 1985, before any ruling on the Attorney Grievance Commission's motion to modify, the unnamed attorney filed an order of appeal and a motion to stay the January 22nd order pending appeal. Two days later, the circuit court granted the motion and directed that the January 22nd order be stayed pending appeal. The court also entered an order "that a determination regarding correction and/or modification of the Court's Order of January 22, 1985, also be stayed pending Appeal in this case."

Thereafter, the Attorney Grievance Commission filed in the Court of Special Appeals a motion to dismiss the appeal on the ground that the January 22, 1985, order was interlocutory in nature. The Court of Special Appeals on February 25, 1985, granted the motion and dismissed the appeal. Three days later, however, the intermediate appellate court sua sponte reconsidered the matter, recited that its order of February 25th was improvidently granted, denied the motion to dismiss, and reinstated the appeal.

Prior to briefing and argument, the Court of Special Appeals certified the case to this Court pursuant to Rule

1015. In accordance with Rule 815, we granted the certification application and issued a writ of certiorari.

In addition to the briefs and oral arguments on the merits of the case, the Attorney Grievance Commission has moved in this Court to dismiss the appeal on the ground that the circuit court's January 22, 1985, order, at the time it was entered, was interlocutory and nonappealable. The Commission's theory is that a court order denying a motion to quash or enforcing an administrative subpoena is inherently interlocutory, and that appellate jurisdiction to review a circuit court order of this nature exists only when one refuses to obey the court order, is adjudged to be in contempt of court, and appeals the contempt order. The Attorney Grievance Commission primarily relies upon our recent decision in *Sigma Reproductive Health Center v. State*, 297 Md. 660, 467 A.2d 483 (1983). The Commission also relies on *Alexander v. United States*, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906).

We shall direct that the appeal in this case be dismissed, although on an entirely different ground than that argued by the Attorney Grievance Commission.

(a)

It has consistently been held in this State that where a court proceeding is commenced to quash or to enforce an administrative subpoena, summons, search warrant, or similar process issued by an administrative agency or official, where the court refuses to quash or orders enforcement, and where the court's order terminates the *court* proceeding, the order is final and appealable. The fact that the *administrative* proceedings may not be terminated does not render the court order interlocutory if nothing remains to be done in the trial court. We have rejected the argument that, in this situation, one must be adjudged in contempt of the court order in order to obtain appellate review.

For example, in *Fred W. Allnutt, Inc. v. Comm'r, Lab. & Ind.*, 289 Md. 35, 421 A.2d 1360 (1980), we held that a

District Court order denying a motion to quash an administrative search warrant constituted a final appealable judgment. Chief Judge Murphy there pointed out for the Court that "once [the district judge] had issued the warrant and denied Allnutt's motion to quash, nothing remained before the court. Consequently, the District Court's order was appealable as a final judgment...." 289 Md. at 41, 421 A.2d 1360.

Again, in *In Re Special Investigation No. 185*, 293 Md. 652, 655–656 n. 2, 446 A.2d 1151 (1982), where the Criminal Court of Baltimore refused to quash a summons *duces tecum* issued by the Attorney General pursuant to Code (1957, 1982 Repl.Vol.) Art. 27, § 592A, and ordered the production of documents in accordance with the summons, Judge Rodowsky noted for the Court:

"Following the order of September 3, 1981 nothing remained before the Criminal Court of Baltimore. Thus the order was appealable as a final judgment. *See Randall Book Corp. v. State*, 49 Md.App. 131, 430 A.2d 624 (1981), applying to a case of this type the principle enunciated in *Fred W. Allnutt, Inc. v. Comm'r of Labor and Indus.*, 289 Md. 35, 421 A.2d 1360 (1980). *Cf. In Re Special Investigation No. 186*, 293 Md. 304, 443 A.2d 120 (1982) (appeal entertained without discussion)."

Later, in *In Re Special Investigation No. 231*, 295 Md. 366, 370, 455 A.2d 442 (1983), where, in connection with an investigation by the Attorney General, a motion was filed in a trial court to disqualify an attorney, the Court in an opinion by Judge Smith stated:

"In this case the proceeding consisted only of a motion to disqualify the attorney in question. Once the motion was denied there was nothing more to be done in this particular case. There was nothing else before the court. There was nothing pending. Hence, we conclude that the order of the trial judge here settled the rights of the parties and terminated the cause. Thus, it was a final judgment."

The above decisions were applied to hold appealable trial court orders denying motions to quash grand jury subpoenas in *In Re Special Investigation No. 244,* 296 Md. 80, 83–86, 459 A.2d 1111 (1983), and *In Re Special Investigation No. 249,* 296 Md. 201, 203, 461 A.2d 1082 (1983). *See,* in addition, *Barnes v. Comm'r Of Labor & Indus.,* 45 Md.App. 396, 400, 413 A.2d 259 (1980), *aff'd,* 290 Md. 9, 427 A.2d 979 (1981), holding appealable a circuit court order requiring the production of documents at an administrative hearing pursuant to administrative subpoenas issued by the Commissioner of Labor and Industry.

The opinions relied on by the Attorney Grievance Commission are significantly distinguishable, as they involved motions and orders in pending court cases enforcing subpoenas for the production of documents in the pending judicial proceedings. Thus, *Sigma Repro. Health Cen. v. State, supra,* 297 Md. at 664–666, 497 A.2d 483, was a circuit court criminal prosecution in which the defendant had a subpoena issued for the production of documents, the prosecution and the complainant moved to quash the subpoena, and the court denied the motion to quash. In holding that the order was not appealable as a final judgment, we emphasized that the criminal prosecution was still pending in the circuit court (*id.* at 665–666, 497 A.2d 483).

Similarly, in *Alexander v. United States, supra,* 201 U.S. 117, 26 S.Ct. 356, the subpoena which was ordered to be enforced was for the production of documents and testimony in a civil antitrust case pending in the court, and, therefore, the order was held nonappealable. The distinction between the order in the *Alexander* case and a court order enforcing a subpoena for the production of documents or testimony at an administrative proceeding, was set forth by Justice Holmes for the Court in *Ellis v. Interstate Com. Comm'n.,* 237 U.S. 434, 442, 35 S.Ct. 645, 646, 59 L.Ed. 1036 (1915), as follows:

"This is an appeal from an order of the district court, made upon a petition of the appellee, the Interstate Commerce Commission, filed under the act to regulate

commerce, § 12.... The order directs the appellant to answer certain questions propounded and to produce certain documents called for by the appellee. There is no doubt that this appeal lies. The order is not like one made to a witness before an examiner or on the stand in the course of a proceeding *inter alios* in court. *Alexander v. United States,* 201 U.S. 117, 50 L.Ed. 686, 26 Sup.Ct.Rep. 356 [1906]. It is the end of a proceeding begun against the witness."

Consequently, the theory of the Attorney Grievance Commission, as to why the January 22, 1985, order was not appealable, must be rejected.

(b)

■ While not specifically argued by the Attorney Grievance Commission, the suggestion was made that the January 22nd order was not final because it may have failed to dispose of the Commission's contempt motion under Rule BV6 d 3(e). Upon examination of the record and the language of the January 22nd order, however, we agree with the appellant that the order was intended to and did dispose of each side's motion in the case.

Moreover, even if the January 22nd order were viewed as not disposing of the contempt motion, and if a contempt proceeding is still pending in the circuit court, this would not render the order nonappealable.

■ A contempt proceeding, even though it may grow out of or be associated with another proceeding, is ordinarily regarded as a collateral or separate action from the underlying case and as separately appealable, with appellate review normally limited to the contempt order itself. *See generally Director of Fin., Pr. Geo's Co. v. Cole,* 296 Md. 607, 613–614, 465 A.2d 450 (1983); *Harford Co. Educ. Ass'n v. Board,* 281 Md. 574, 585–588, 380 A.2d 1041 (1977); *Tyler v. Baltimore County,* 256 Md. 64, 259 A.2d 307 (1969); *Nelson v. Darling Shop of Birmingham, Inc.,* 275 Ala. 598, 157 So.2d 23, 35 (1963); *People v. Bua,* 37 Ill.2d 180, 191, 226 N.E.2d 6, 13 (1967); *Crook v. Schumann,* 293 Ky.

334, 168 S.W.2d 1004 (1943); *Colabufalo v. Public Buildings Commissioner,* 336 Mass. 205, 143 N.E.2d 477, 479 (1957). Because the underlying proceeding and the contempt proceeding are usually regarded as separate actions, and not simply as separate issues or claims in the same action, it follows that a judgment terminating the underlying action is final and appealable despite the fact that the associated contempt proceeding is still pending in the trial court. Maryland Rule 2–602 provides, *inter alia,* that "[w]hen more than one claim for relief is presented in *an action:* " an order "that adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims...." (Emphasis added.) By its very terms, Rule 2–602 is inapplicable to separate actions even though they are tried together. *See Coppage v. Resolute Insur. Co.,* 264 Md. 261, 285 A.2d 626 (1972).

### (c)

In our view, therefore, the January 22, 1985, order of the circuit court was final and appealable at the time it was entered. But, under the new rules of procedure effective July 1, 1984, the Commission's motion to amend the January 22nd judgment, made within ten days, rendered the judgment nonfinal and nonappealable.

Prior to July 1, 1984, Rule 625 a provided:

"For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

This 30 day revisory period had no affect on the finality and appealability of the judgment entered in a civil action, unless the trial court did in fact revise the judgment pursuant to the rule prior to the filing of an order of appeal. *Brown v. Baer,* 291 Md. 377, 386–387, 435 A.2d 96 (1981). Motions filed under Rule 625 a did not stay the time for

appeal. *Hardy v. Metts,* 282 Md. 1, 381 A.2d 683 (1978). Once an order for appeal had been filed and remained pending, the trial court lacked authority to act on a motion to revise a judgment, regardless of whether the motion was filed before or after the appeal. *Gilliam v. Moog Industries,* 239 Md. 107, 112, 210 A.2d 390 (1965), and cases there cited.

With the adoption of new rules of procedure effective July 1, 1984, the substance of former Rule 625 a, providing for a thirty-day revisory power over judgments, was retained as Rule 2–535.[4] In addition, new Rule 2–534 was promulgated, and it (along with rules 2–532 and 2–533) provided for a ten-day revisory power over judgments as follows:

"Rule 2–534. MOTION TO ALTER OR AMEND A JUDGMENT—COURT TRIAL

"In an action tried by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial."

Furthermore, Rule 1012(d) was entirely re-written effective July 1, 1984, to provide as follows:

"In a civil action when a timely motion is filed (1) for judgment notwithstanding the verdict pursuant to Rule

---

**4.** Rule 2–535 states as follows:

"Rule 2–535. REVISORY POWER

"(a) Generally.—On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534.

"(b) Fraud, Mistake, Irregularity.—On motion of any party filed at any time, the court may exercise revisory power and control over the judgment in case of fraud, mistake, or irregularity."

2–532, (2) for new trial pursuant to Rule 2–533, or (3) to alter or amend a judgment pursuant to Rule 2–534, the order for appeal shall be filed within thirty days from the date of entry of an order denying, overruling, or dismissing a motion for new trial or disposing of a motion for judgment notwithstanding the verdict or a motion to alter or amend a judgment. An order for appeal filed before the timely filing or the disposition of any of these motions shall have no effect, and a new order for appeal must be filed within the time above provided."

■ Consequently, when a motion to alter or amend an otherwise final judgment is filed within ten days after the judgment's entry, the judgment loses its finality for purposes of appeal. Under these circumstances, an order of appeal such as filed by the appellant in the instant case becomes ineffective, and a new order of appeal must be filed after the circuit court disposes of the motion.

■ A motion filed more than ten days after a judgment but within thirty days of the judgment, under Rule 2–535(a), would still have no effect upon the running of the thirty-day appeal period. When such a motion is filed, and while it is pending an appeal is filed, appellate jurisdiction attaches and the circuit court cannot decide the motion. *See* P. Niemeyer and L. Richards, *Maryland Rules Commentary* 321–325 (1984). But where a motion is filed within ten days, an appeal will not ordinarily lie until the trial judge rules on the motion.

■ In the case at bar, the January 22, 1985, judgment was a final appealable judgment when it was entered on that date. But, as the Attorney Grievance Commission's motion to amend the judgment was filed within ten days, the judgment lost its finality for purposes of appealability.

CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO DISMISS THE APPEAL.

EACH SIDE TO PAY OWN COSTS.

MURPHY, C.J. and McAULIFFE, J., concur in the result.