636 A.2d 481

**Shirley Thomas STEPHENSON**

v.

**Mary Susan Hayden GOINS, Personal Representative
of the Estate of Mary Lou Holden.**

**No. 615, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

Jan. 28, 1994.

Jonathan D. Isaacs, Bethesda, for appellant.

Cheryl Lynn Hepfer, Upper Marlboro, for appellee.

Argued before BISHOP, WENNER and CATHELL, JJ.

CATHELL, Judge.

Shirley Thomas Stephenson, appellant, was divorced from Mary Lou Holden on August 17, 1992, by the Circuit Court for Prince George's County. The trial court reserved ruling on the property issues and on October 13, 1992, issued a written

order dividing the marital property and declining to make a monetary award. Ms. Holden died on April 20, 1993. Mary Susan Hayden Goins, in her capacity as personal representative of the estate of Mary Lou Holden, is appellee here. Appellant contests only the findings as to marital property and monetary award, not the judgment of divorce. He presents three questions in this appeal:

I. Did the court err in finding that the florist business was non-marital property?

II. Did the court err in allowing appellee's (wife) promissory notes to be entered into evidence for determining value of the business?

III. Did the court err in failing to determine the status of all property belonging to the parties?

We shall not be able to answer those questions as this appeal is not timely. We explain.

The docket entries indicate that a judgment of final divorce was entered on the docket on October 19, 1992.[1] On October 20, 1992, an opinion and order dated October 13, 1992, relating to the remaining issues, was filed. The effective date of the order was the date the docket entries indicate it was filed—October 20, 1992. Maryland Rule 2–601(b). *See also* Maryland Rule 8–202(f).

As to the divorce order, that date for appeal commenced to run on October 19; the time for the commencement of the appeal period for the remaining order was October 20. The entry of final judgment was thus no later than October 20, 1992. Generally, a party has thirty days after the entry of final judgment in which to file an appeal. Maryland Rule 8–202(a). The order of appeal was not filed until February 18, 1993.

On November 12, 1992, a motion for reconsideration and for a stay of judgment was filed. The filing of the motion was more than ten days after the filing of the order that appellant

---

1. The order itself was dated August 17, 1992.

wanted reconsidered. Accordingly, its filing did not stay the running of the appeal period. Maryland Rules 2–534 and 8–202(c).

We do not include the date of October 20 in computing whether an appeal has been timely filed; we count from and including October 21. Maryland Rule 1–203(a). The last day an appeal could be filed would have been November 19, 1992. No order of appeal was filed within that period. Thus, the right to appeal ceased to exist.

On December 21, 1992, an order was filed attempting to stay the entry of final judgment pending the resolution of the motion to reconsider. This order was apparently backdated to November 12, 1990, the day after the motion was filed. However, it was ineffectual. The time for appeal had already expired prior to the entry of the order of stay on the docket. The only matter addressed in this order was an attempt to stay the entry of judgment. No modification of the previous order was made.

Maryland Rule 2–601(a) provides in pertinent part that the "clerk shall forthwith enter the judgment ... [or] enter the judgment as directed by the court." Subsection (b) as pertinent here mandates that the clerk enter a judgment on the "docket within the file, or in a docket book...." It further states that the clerk "shall record the actual date of the entry." More importantly, subsection (b) states "[t]hat date [the actual date of entry on the docket] *shall be the date of the judgment.*" (Emphasis added.)

Likewise, Maryland Rule 8–202, addressing the time for filing a notice of appeal, defines the "entry" of a judgment. Subsection (a) states that "notice of appeal shall be filed within 30 days after entry of the judgment or order...." Tracking the language of Rule 2–601(b), subsection (f) of Rule 8–202 defines "entry" as "the day when the clerk of the lower court first makes a record in writing of the ... order ... on a docket ... according to the practice of that court...."

We noted in our recent case of *Davis v. Davis,* 97 Md.App. 1, 10, 627 A.2d 17 (1993) (quoting *Rohrbeck v. Rohrbeck,* 318

Md. 28, 41, 566 A.2d 767 (1989)), that a final judgment must have three attributes:

> (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy, (2) unless the court properly acts pursuant to Md.Rule 2–602(b), it must adjudicate or complete the adjudication of all claims against all parties, and (3) the clerk must make a proper record of it in accordance with Md.Rule 2–601.

The October 19th and 20th judgments possess the three attributes. In *Davis*, we noted:

> Under Rule 2–601(a) the court must direct the clerk to enter the judgment. If the court "indicates that a written order embodying the decision is to follow," the ruling from the bench will not be considered final.

*Id.* 97 Md.App. at 10–11, 627 A.2d 17. In the case *sub judice*, the order filed on October 20, 1992, was a written order.

In its recent case of *Waller v. Maryland Nat'l Bank*, 332 Md. 375, 631 A.2d 447 (1993), the Court of Appeals was faced with a docket entry in which judgment was entered but the clerk had erroneously added, without any authority from the trial court, the words "order to be filed." The Court opined that:

> Rule 2–601 makes it clear that whether a final judgment has been entered must be determined by reference to the docket entry.

*Id.* at 378, 631 A.2d 447. The Court then quoted from P. Niemeyer & L. Schuett, *Maryland Rules Commentary* 445, 446 (2d ed. 1992):

> Under this rule, there is no doubt about the date when a judgment is entered. Litigants and third persons can look at the file or docket to determine when the judgment was entered, and they are entitled to rely on that date as a public record.

*Id.* at 379, 631 A.2d 447. The Court then held:

> It is generally true that when there is a conflict between the transcript of a trial and the docket entries, the tran-

script, unless shown to be in error, will prevail. *Shade v. State*, 18 Md.App. 407, 411, 306 A.2d 560 (1973). That principle would be fully applicable here, if a motion were filed to correct the erroneous docket entry. Where, however, the rules rely upon the form and date of the docket entry to establish the finality and date of finality of an order, the docket entry will control until corrected. As we made clear in *Estep v. Georgetown Leather*, 320 Md. 277, 284, 577 A.2d 78 (1990) and *Doehring v. Wagner*, 311 Md. 272, 274–75, 533 A.2d 1300 (1987), the docket entry itself must be sufficient to show finality.

For the protection of the parties and third persons, it is important that the integrity of the written docket entry be observed, until it is corrected or modified.

*Id.* at 379, 631 A.2d 447 (footnote omitted).

In the case *sub judice*, the trial court's original judgment of divorce was unconditional except as to the court's reservation of the property issues. In its opinion and order signed the next day, the court resolved those remaining issues. That order stated that the *execution* of the order was to be delayed for thirty days. At that time, the court did not stay the entry of judgment but merely its execution. Judgment was at that time entered.

Thereafter, on December 21, the court filed an order saying that the entry of final judgment was stayed as of November 12th. On December 21, however, the final judgment had already been entered and the appeal period had passed. Thus, it was too late to stay its entry. The judgment had become enrolled.

An unsigned, undated order of stay appears to have been originally attached to the motion for reconsideration. In any event, the attorney for the plaintiff below, appellee here, noted in her argument on the motion to reconsider that the motion included a request for a stay of entry. At the time of the filing of the motion to reconsider, however, the judgment had already been entered as a final judgment.

At oral argument, it was conceded that appellant had carried the pleading entitled "Motion to Reconsider" that included her request to stay entry of the judgment to the trial judge on November 12, 1992. The copy of the order to stay entry of the judgment was affixed thereto. However, appellant left the motion and unsigned order in the judge's chambers. Appellant did not see the order taken to the clerk's office then or later.

Maryland Rule 2–311(b) "Response" provides:

> A party against whom a motion is directed shall file a response within 15 days . . . unless the court orders otherwise, no response need be filed to a motion filed pursuant to Rule . . . 2–534. If a party fails to file a response required . . . *the court may proceed to rule.* . . .

Thus, under the rule, appellee had fifteen days to respond to appellant's motion. The necessity of waiting for the response period may explain the delay in the court entering its order on the docket. The time for the appellee's response would have expired no earlier than November 27, 1992. It would, therefore, have not been in accordance with Maryland Rule 2–311 had the court's order been filed before that date. Even by that date, the first date on which the court could have properly filed its order to stay entry of the judgment (presuming, *arguendo*, that it has the power to order the stay of the entry as opposed to execution of judgment after its entry), the time for appeal had expired and the judgment was enrolled.

Maryland Rule 2–533(c) provides that if a motion for a partial new trial is granted the trial judge may "stay the entry of judgment. . . ." No motion for new trial was made or granted in the case *sub judice*. Maryland Rule 2–534 provides that if a motion to alter or amend a judgment is made within ten days of the entry of judgment the judgment loses its finality for appeal purposes. *Unnamed Attorney v. Attorney Grievance Comm'n*, 303 Md. 473, 486, 494 A.2d 940 (1985), *rev'd on other grounds*, 313 Md. 357, 545 A.2d 685 (1988). In the case at bar, the motion for reconsideration and the motion for stay were not filed within ten days of the entry of

judgment. Accordingly, they did not stay the running of the time for appeal. While Md.Rule 2–535 provides that a court, upon motion filed within thirty days, can, in a court trial, exercise any control over a judgment it could have exercised if a Rule 2–534 motion had been filed, the rule contemplates that the court's power to stay the entry of a judgment must be exercised prior to the date of finality of the judgment. In the case *sub judice,* the court's order staying "the entry of judgment" was not filed until after the judgment was entered and had become final and until after the appeal period had elapsed. Additionally, there has been no assertion that the docket entries were erroneously entered.

We said in *Office of People's Counsel v. Advance Mobilehome Corp.,* 75 Md.App. 39, 44, 540 A.2d 151, *cert. denied,* 313 Md. 30, 542 A.2d 857 (1988), "After the judgment becomes enrolled, however, a judgment may be revised only upon a showing of fraud, mistake or irregularity. Maryland Rule 2–535(b)."

The Court of Appeals, in *Eggert v. Montgomery County Council,* 263 Md. 243, 246–47, 282 A.2d 474 (1971), under a similar set of circumstances, opined:

> We have previously indicated that *in equity* the pleadings and definitive actions of the chancellor *must* be done by *written* documents duly filed in the equity case.
>
> ... The final order of December 23, 1970, had become enrolled on January 22, 1971, and, more importantly, the 30–day period for appeal to this Court also expired on that day.... The circuit court, in our opinion, did not have the power to "strike" the enrollment of the final order of December 23, 1970, *nunc pro tunc* as of January 22, 1971, by an order passed on January 26, 1971. [Citations omitted.]

*See also Glass v. Glass,* 284 Md. 169, 171, 395 A.2d 485 (1978) ("Initially we mention 'that *in equity* the pleadings and definitive actions of the Chancellor *must* be done by *written* documents duly filed in the equity case"). We note that in the case *sub judice* there is no indication or evidence that the chancel-

lor intended her backdated order to be a *nunc pro tunc* order as of its filing. When it was *duly filed* on the 21st day of December, the judgment was already enrolled, *i.e.*, the appeal period had passed.

We are thus constrained to hold that when the trial court caused its order of stay to be filed on December 21, 1992, the judgment previously entered had become enrolled and the time for appeal had already expired. We shall, thus, dismiss this appeal because all the issues raised by appellant relate to the court's original judgment, not to its subsequent partial denial of appellant's motion to reconsider. The appeal is thus untimely.

APPEAL DISMISSED; COSTS TO BE PAID BY APPELLANT.