691 A.2d 268

Allan **PICKETT**

v.

**NOBA, INC.**

**No. 1031, Sept.Term, 1996.**

Court of Special Appeals of Maryland.

March 28, 1997.

William L. Haugh, Jr., Frederick, for Appellant.

Earl W. Bartgis, Jr. (Miles & Stockbridge, P.C., on the brief), Frederick, for Appellee.

Argued Before MURPHY, C.J., and THIEME and SONNER, JJ.

THIEME, Judge.

Allan Pickett appeals from an order of the Circuit Court for Frederick County (Dwyer, J., presiding) that enrolled a foreign judgment.

This case illustrates how procedural pitfalls can trip up *pro se* litigants. While we recognize and sympathize with those whose economic means require self-representation, we also need to adhere to procedural rules in order to maintain

consistency in the judicial system. Although Pickett admirably attempted to navigate the often tricky path of civil procedure, he failed to note a timely appeal. For this reason, we shall affirm the judgment of the trial court.

Pickett operates an artificial breeding service in Frederick County, Maryland; his business involves the artificial insemination of cattle. Noba, Inc., is an Ohio corporation with its principal place of business in Tiffin, Ohio. It is in the business of collecting, processing, and distributing bull semen. Given each party's unique specialties, it would seem likely that Pickett and Noba would get along swimmingly, but that was not the case.

Pickett ordered and received bull semen from Noba. Noba never received payment for the bull semen, however, because Pickett's checks were returned for insufficient funds. Noba therefore obtained, in the Municipal Court of Tiffin, Seneca County, Ohio, a default judgment against Pickett for $5,896.77, plus interest and costs.

On 24 October 1995, the Circuit Court for Frederick County, Maryland, enrolled the judgment of the Ohio court pursuant to the Uniform Enforcement of Foreign Judgments Act. Md.Code Ann., Cts. & Jud. Proc. §§ 11–801 through 11–807 (1974, 1995 Repl.Vol.). Thirty-one days later, on 24 November 1995, Pickett, *pro se,* filed a handwritten Motion to Remove and Not Enforce Lien, alleging, in part, lack of personal jurisdiction due to improper service of process. The circuit court denied that motion in its 15 December 1995 Order.

On 5 January 1996, Pickett, again *pro se,* filed a "Motion to Reconsider Motion to Remove and Not Enforce Lien." That motion was denied in the court's 30 January 1996 Order. Pickett had filed a notice of appeal one day earlier, on 29 January 1996. On 28 March 1996, the trial court found Pickett's appeal was not filed timely and ordered that it be stricken.

Undeterred, on 15 April 1996, Pickett filed a Motion to Alter or Amend Judgment, pursuant to Rule 2–534, which was denied on 26 March 1996. Pickett filed a second Notice of

Appeal on 28 May 1996. Noba filed a motion to strike the appeal, but, before that motion was ruled on, former Chief Judge Wilner ordered the case to proceed to this Court for our review.

Pickett (now represented by counsel) presents the following issue(s) for our review:

1. Did the circuit court err when it struck Pickett's Notice of Appeal?

2. Did the circuit court err by failing to make a determination under the Maryland Uniform Enforcement of Judgments Act as to whether the purported Ohio judgment was entitled to full faith and credit?

We shall answer "no" to the first question and do not reach the second question.

### *Discussion*

After judgment in a court trial, a litigant can file one of the following post-trial motions: a motion for new trial under Md. Rule 2–533; a motion to alter or amend the judgment under Md. Rule 2–534; or a motion for the court to exercise its revisory power under Md. Rule 2–535.

Parties must file motions under Md. Rules 2–533 and 2–534 within ten days of the judgment. When parties file timely motions under Rules 2–533 or 2–534, the time the parties have to note an appeal is suspended until after the motion is decided. *See* Md. Rule 8–202; *Unnamed Attorney v. Attorney Grievance Comm'n,* 303 Md. 473, 494 A.2d 940 (1985); *Sieck v. Sieck,* 66 Md.App. 37, 502 A.2d 528 (1986). If parties file a motion for new trial or a motion to alter or amend more than ten days after judgment, the time for filing an appeal will not be stayed. *See* Md. Rule 8–202(c); *Stephenson v. Goins,* 99 Md.App. 220, 636 A.2d 481, *cert. denied,* 335 Md. 229, 643 A.2d 384 (1994).

Parties must file a Rule 2–535 motion to revise within thirty days of the judgment; in instances of fraud, mistake, or irregularity, or failure of an employee of the court

or of the clerk's office to perform a duty required by statute or rule, however, parties can file timely a Rule 2–535 motion more than thirty days after judgment. *See* CJ § 6–408. The timely filing of a motion under Rule 2–535 does not automatically stay an appeal. If the motion is filed within ten days of judgment, it stays the time for filing the appeal; if it is filed more than ten days after judgment, it does not stay the time for filing the appeal. *See Unnamed Attorney*, 303 Md. at 486, 494 A.2d 940.

In cases in which the movant files a motion to revise under Rule 2–535 more than ten days after judgment, the time for filing an appeal may lapse before the motion to revise is decided. Commentators have recognized that, in these situations, the Rule 2–535 motion acts as a substitute for an appeal:

"The filing of a motion to revise a judgment is, as a practical matter, a substitute for appeal. The moving party's last attempt to win is directed to the trial court, instead of to the Court of Special Appeals. *See Alitalia Linee Aeree Italienne [Italiane] v. Tornillo*, 320 Md. 192 [577 A.2d 34] (1990). . . ."

Paul V. Niemeyer & Linda M. Schuett, *Maryland Rules Commentary*, 418 (2d ed.1992).

▪ While Pickett's "Motion to Remove and Not Enforce Lien" was unartfully drawn and titled, we think it was intended to be a motion to revise under Md. Rule 2–535. A motion may be treated as a motion to revise under Md. Rule 2–535 even if it is not labeled as such. *See Gluckstern v. Sutton*, 319 Md. 634, 574 A.2d 898, *cert. denied, Henneberry v. Sutton*, 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990).

▪ Pickett's motion was filed 31 days after the judgment. Because the thirty-day period in which he could have noted an appeal had expired, the judgment could have been revised only upon a clear and convincing showing of fraud, mistake, or irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule. *See* CJ § 6–408; Md. Rule 2–535(b); *Tandra S. v. Tyrone W.*, 336 Md. 303, 314, 648 A.2d 439 (1994); *Hale v. Cramer*, 254

Md. 592, 255 A.2d 37 (1969); *Stephenson v. Goins,* 99 Md.App. at 226, 636 A.2d 481. A court, however, will only exercise its revisory powers if, in addition to a finding of fraud, mistake, or irregularity, or failure of an employee of the court or of the clerk's office to perform a duty required by statute or rule, the party moving to set aside the enrolled judgment has acted with ordinary diligence, in good faith, and has a meritorious defense or cause of action. *Tandra S.,* 336 Md. at 314, 648 A.2d 439.

In those cases permitting a judgment to be set aside on the basis of "mistake," the mistake must be confined to those instances where a jurisdictional mistake is involved. *Bernstein v. Kapneck,* 46 Md.App. 231, 417 A.2d 456 (1980), *aff'd,* 290 Md. 452, 430 A.2d 602 (1981). Additionally, Md. Code Ann., Cts & Jud. Proc. § 10–704 (1995 Repl.Vol.) recognizes that:

(a) A foreign judgment is not conclusive if:

.   .   .   .   .

(2) The foreign court did not have personal jurisdiction over the defendant[.]

Improper service of process is a proper ground to strike a judgment under Rule 2–535. *Miles v. Hamilton,* 269 Md. 708, 714, 309 A.2d 631 (1973) (interpreting a portion of Maryland Rule 625, from which Rule 2–535 was adopted verbatim); *Kraft v. Sussex Constr. Corp.,* 35 Md.App. 309, 370 A.2d 570 (1977) (same); *see also,* CJ § 10–705.

Pickett's motion stated, "Alleged debtor has not been served with any paper's [sic] in reference to the judgment in Question [sic]." We believe this sufficiently indicated that Pickett alleged lack of jurisdiction due to improper service to qualify as a mistake under Md. Rule 2–535(b). He was therefore entitled to have his motion decided on the merits——which it was. His motion was denied on 15 December 1995.

We are not permitted to decide the propriety of that judgment because Pickett forwent his opportunity to file an

appeal of *the circuit court's enrolling the Ohio judgment* [1] when he filed a motion to revise rather than a notice of appeal. Pickett had every right to file a motion pursuant to Rule 2–535; that motion, however, acted as a substitute for his appeal of the enrollment of the Ohio judgment by the Frederick County Circuit Court. Pickett's right to appeal the 24 October 1995 judgment terminated thirty days later, on 23 November 1995.

Pickett therefore lost his right to appeal the enrolling of the Ohio judgement. This does not end our inquiry, because the *denial* of a motion to revise an enrolled judgment under former Md. Rule 625 is considered a final judgment, and is, therefore, appealable. [2] *First Federated Commodity Trust Corp. v. Commissioner of Sec.*, 272 Md. 329, 333, 322 A.2d 539 (1974); *Kraft v. Sussex Constr. Corp.*, 35 Md.App. at 311, 370 A.2d 570. Thus, the circuit court's denial of Pickett's Motion to Remove and Not Enforce Lien (which we have treated as a motion to revise under Md. Rule 2–535) is also appealable. Pickett, however, again failed to file a timely appeal within thirty days. [3] For this reason, he cannot appeal the denial of his original Motion to Remove and Not Enforce Lien.

---

1. This is a "final" judgment even though possibly subject to revision on disposition of a post-judgment motion because "[a] judgment is never final in the absolute sense, since it is always subject to modification under very restricted circumstances (such as fraud, [or mistake], for example)." P. Niemeyer & L. Schuett, *Maryland Rules Commentary* at 448.

2. The holding of *First Federated* is still good law, although decided based on Rule 625, because Md. Rule 2–535 was derived verbatim from Rule 625 when the revised rules were adopted in 1984.

3. Pickett filed a "Motion to Reconsider Motion to Remove and Not Enforce Lien," on 5 January 1996, which was, in effect, a second motion to revise. It did not stay the time to file a notice of appeal of the trial court's denial of Pickett's original Motion to Remove and Not Enforce Lien because this second motion to revise was not filed within ten days of the trial court's denial of the original Motion to Remove and Not Enforce Lien.

■ Pickett filed his second post-trial motion, a "Motion to Reconsider the Motion to Remove and Not Enforce Lien," on 5 January 1996. Although not titled as such, it effectively was a second motion to revise. The denial of this second motion to revise is not appealable because it is not a final judgment. A second motion to revise filed more than thirty days after the entry of judgment, even though within thirty days after denial of the first motion, cannot be granted. *See Office of People's Counsel v. Advance Mobilehome Corp.*, 75 Md.App. 39, 540 A.2d 151, *cert. denied*, 313 Md. 30, 542 A.2d 857 (1988). *See also*, P. Niemeyer & L. Schuett, *Maryland Rules Commentary* at 417. For this reason, Pickett's 29 January 1996 notice of appeal was not timely. Accordingly, we shall affirm the judgment of the trial court.

■ Finally, Pickett's 17 April 1996 Motion to Alter or Amend Judgment (which we assume refers to the judgment in which the trial court enrolled the foreign judgment of the Ohio court on 24 October 1995) under Rule 2–534 is untimely because it was not filed within 10 days. That motion was correctly denied on 26 March 1996. Pickett filed a second Notice of Appeal on 28 May 1996. Because there was nothing that Pickett could have appealed, that appeal will be dismissed.

**JUDGMENT STRIKING FIRST NOTICE OF APPEAL AFFIRMED.**

**SECOND NOTICE OF APPEAL DISMISSED WITH PREJUDICE.**

**COSTS TO BE PAID BY APPELLANT.**