693 A.2d 841

Esther B. LEESE

v.

DEPARTMENT OF LABOR, LICENSING AND REGULATION.

No. 1012 Sept.Term, 1996.

Court of Special Appeals of Maryland.

May 9, 1997.

J. Carroll Holzer (Holzer and Lee, on the brief), Towson, for Appellant.

Michele J. McDonald, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General and Andrew Auerbach, Assistant Attorney General, on the brief), Baltimore, for Appellee.

Argued before WENNER, DAVIS and EYLER, JJ.

EYLER, Judge.

We have been called upon to decide the issue of appealability on many occasions, and this case presents yet another variation of the same issue: the effect of a trial court's order granting a motion to revise a judgment executed before, but docketed after, a notice of appeal is filed.

### Facts

It is not necessary to recount the underlying facts in detail because, in large part, they are irrelevant to the issue presented. After being discharged from her employment, appellant, Esther Leese, applied for unemployment benefits. After unsuccessfully pursuing administrative appeals, appellant filed a petition for judicial review in the Circuit Court for Baltimore City from an adverse determination by the Department of Labor, Licensing and Regulation, appellee. The trial court affirmed the administrative determination by order dated January 25, 1995 and filed on January 26, 1995. Appellant filed a motion for reconsideration on February 3, 1995, within ten days of the entry of the order, in accordance with Rule 2–

534. The trial court denied the motion by order dated April 11, 1995 and filed on April 13, 1995. Appellant then filed a second motion on April 24, 1995, captioned as a "Motion to Reconsider Appellant's Original Motion For Reconsideration." The second motion was filed within ten days after entry of the order denying the first motion and purported to be another motion under Rule 2–534. In an order dated May 4, 1995, the trial court granted appellant's second motion to reconsider, reversing the administrative agency's determination. This order was not docketed until May 31, 1995. In the interim, on May 11, 1995, appellant, apparently unaware of the execution of the May 4 order, noted an appeal to this Court.

## Question Presented

Appellant presents three questions, but in essence, the sole question before us is the effect of the order dated May 4 and docketed on May 31, 1995.

## Discussion

Appellant's ultimate objective is to protect the order dated May 4, an order that appellee has refused to recognize. Appellee contends that the order is a nullity because it had no effect until docketed and its docketing on May 31 did not make it effective because the trial court had no jurisdiction at that time, having lost it when the appeal was noted. Appellee, citing *Falcinelli v. Cardascia*, 339 Md. 414, 430, 663 A.2d 1256 (1995), contends that the final judgment was the judgment entered on April 13, 1995, and that the second motion for reconsideration, even though filed within ten days subsequent to the denial of the first motion, did not extend the time for appeal.

Appellant argues that her notice of appeal filed on May 11 was premature, asserting that the second motion extended the time for appeal and, relying on Rule 8–202(c), asserts that the trial court retained jurisdiction to grant appellant's second

motion for reconsideration.[1] Appellant concludes that the May 31 judgment is final and binding on appellee because appellee failed to note a cross-appeal. Alternatively, appellant argues that the trial court retained authority to revise the judgment based upon general principles of law and equity.

We first point out that appellant's second motion did not extend the appeal time pursuant to Rule 8–202(c). To interpret the rule in that manner would permit a party to extend the time for appeal *ad infinitum* based on the filing of successive motions within ten days after denial of the immediately preceding motion. Regardless of how appellant captioned the April 24 motion, the second motion for reconsideration was effectively a motion pursuant to Rule 2–535 and not within the ambit of Rule 8–202(c). *See Pickett v. Noba, Inc.*, 114 Md.App. 552, 691 A.2d 268 (1997).

Even though the motion is treated as one made under Rule 2–535, the order dated May 4 is not void, as urged by appellee. Appellee fails to take into account that the order in question was executed prior to the filing of the notice of appeal; consequently, the authorities cited are not on point. In *Unnamed Attorney v. Attorney Grievance Comm'n*, 303 Md. 473, 494 A.2d 940 (1985), a case cited by appellee, the Court of Appeals stated that, when a Rule 2–535 motion is filed more than ten days after the judgment and an appeal is filed while the motion is pending, the trial court cannot decide the motion because it lacks jurisdiction. The Court went on to state that the 30–day revisory period had no effect on the finality and appealability of the judgment *unless the trial court did, in fact, revise the judgment prior to the filing of an order of appeal. Id.* at 484, 494 A.2d 940. In the case before us, the motion was filed on April 24, and it was granted by order dated May 4, seven days prior to the filing of the appeal. As the order was executed prior to the appeal, *Unnamed*

---

1. Rule 8–202(c) expressly states that a notice of appeal filed before the disposition of a Rule 3–532, 2–533, or 2–534 motion does not deprive the trial court of jurisdiction to dispose of the motion.

*Attorney v. Attorney Grievance Comm'n* is not on point; neither is *Falcinelli v. Cardascia, supra,* for the same reason.

The Court of Appeals has held that, if a trial court has fundamental subject matter jurisdiction, a trial court's order is not a nullity, but it can be attacked on appeal if the trial court acted beyond its authority. *See Kaouris v. Kaouris,* 324 Md. 687, 708, 598 A.2d 1193 (1991) ("When jurisdiction in a sense other than fundamental is involved, the issue is 'the propriety of granting the relief sought,' . . ., an issue that 'merges into the final [judgment] and cannot therefore be successfully assailed for that reason once enrolled'." *Id.* (citations omitted)); *Carroll County Dep't of Social Services v. Edelmann,* 320 Md. 150, 166, 577 A.2d 14 (1990); *Brown v. Baer,* 291 Md. 377, 387, 435 A.2d 96 (1981); *Pulley v. State,* 287 Md. 406, 416–17, 412 A.2d 1244 (1980) (The effect of appeal is not to oust trial court of fundamental jurisdiction but it may prohibit it from reexamining the order upon which the appeal was based.); *Bullock v. Director,* 231 Md. 629, 633, 190 A.2d 789 (1963); *Tiller v. Elfenbein,* 205 Md. 14, 21, 106 A.2d 42 (1954) (A motion for new trial filed after a notice of appeal was filed could be heard and decided by the trial court after the appeal was dismissed.)  Compare *State v. Dowdell,* 55 Md.App. 512, 464 A.2d 1089 (1983) (order granting post conviction petition executed by trial judge minutes before his resignation but not docketed until after resignation invalid under former Rule BK45 and because docketing requires judicial authority).

Appellee confuses the lack of fundamental jurisdiction, the existence of which is not challenged here, with the right to exercise it.  Additionally, appellee confuses the principle that the docketing of an order determines its finality for appeal purposes with the principle that a properly executed order is not a nullity but is subject to challenge on appeal.  The trial court's order was executed before the notice of appeal was filed.  The docketing of the order, thereby making it final, was not a nullity.  The order, effective when executed and final when docketed, remains so unless reversed on appeal.

Appellant noted an appeal from the order docketed on April 13 which she perceived to be final and appealable. Appellant no longer challenges that order, however, correctly maintaining that it was vacated by the May 4 order. For obvious reasons, appellant assigns no error with respect to the latter order. Appellant's notice of appeal was premature in any event, as the May 4 order which superseded the April 13 order did not become final and appealable until docketed on May 31. The effect of the order docketed on May 31 was to vacate the prior appealable judgment, although it was subject to attack on a properly noted appeal. Neither party noted an appeal subsequent to the entry of the order on May 31, and thus, the merits of that order are not before us. Consequently, we shall affirm the judgment entered on May 31, 1995.

JUDGMENT ENTERED MAY 31, 1995 AFFIRMED; COST TO BE PAID BY APPELLEE.